JAMES DONNELLY, PLAINTIFF IN ERROR, v. CENEK DURAS,
DEFENDANT IN ERROR.

1.  **School District Treasurer.** The treasurer of a school dis-
    trict has no right to prosecute an action in his own name on a
    demand belonging to the district. Such action must be brought
    in the name of the district.

2.  ————: DEMAND AND RECEIPT OF SCHOOL FUNDS BY. The
    treasurer of a school district cannot rightfully demand or receive
    school moneys belonging to his district from the county treas-
    urer, except upon a warrant of the director, countersigned by
    the moderator of the district.

3.  **School Funds of the County:** WHEN COUNTY TREASURER
    MAY PAY OVER TO DISTRICT. The county treasurer is not re-
    quired or authorized to pay out funds standing to the credit of
    the county school fund until they have been duly apportioned
    by the county superintendent.

ERROR from the district court for Saline county. In
1876, 1877, and 1878, the treasurer of the city of Crete

turned over to the county treasurer certain license moneys collected under a city ordinance. Plaintiff, who is treasurer of school district No. 2, which embraces said city, brought suit to recover the said moneys from the present county treasurer.

*M. B. C. True*, for plaintiff in error.

The constitution of 1875, which diverted license moneys collected from county to city school fund, and the legislature provided no new means by which the money could go directly from city to school district treasury. Hence, under General Statutes, sec. 72, 974, and sec. 41, 968, it was correctly paid to county treasurer, and an implied assumpsit arises. *Dumon's Adm'r v. Carpenter*, 3 Johns., 184. *Ripon v. Sch. Dist.*, 17 Wisc., 83. *Tecumseh v. Phillips*, 5 Neb., 305. *White v. Lincoln*, Id., 505. *Hastings v. Thorne*, 8 Neb. 160.

*W. G. Hastings*, for defendant in error.

There is no allegation of any misapplication of the moneys by the defendant. The county treasurer, as such, had nothing to do with them. Const., sec. 5, Art. VIII. *Hastings v. Thorne*, 8 Neb.; 160. The money being paid to the county school fund through its custodian, must be apportioned by the county superintendent, and if it has not been, mandamus is the proper remedy. The county is not responsible. *School Dist. v. Saline Co.*, 9 Neb., 403.

LAKE, J.

The demurrer to the petition was properly sustained. The facts stated do not constitute a cause of action. The plaintiff had no authority to prosecute an action in his own name on a demand, if one in fact existed,

belonging exclusively to the school district. The district is a body corporate, and authorized to sue and be sued. Sec. 2, ch. 68, Gen. Stats. And the suit must be in the name by which the district is known, and not in that of its treasurer, who may, under certain circumstances, appear on behalf of the corporation and attend to the prosecution or defense, as the case may be. Id., sec. 42. But in such case he must act in the name of the district.

If it be conceded that there were funds in the county treasury belonging to said school district, its treasurer was not only not authorized to sue for the same, but he could not even rightfully demand or receive them, except upon a warrant of the director, countersigned by the moderator of the district. Indeed, it would be the duty of the county treasurer to refuse any demand upon him for such funds, unless thus formally made as the statute directs. Id., sec. 37.

Enough has already been said to show that the ruling of the district court upon the demurrer was correct, but there is still another particular in which the petition is totally deficient. The suit was commenced doubtless on the theory that, by refusing to pay over the money demanded of him as county treasurer, the defendant had rendered himself personally liable for the amount. And there is probably no doubt that for such refusal of a demand, properly made, he would be answerable to the district for the money wrongfully withheld. In the statement of such a cause of action, however, it would be necessary to show that the money was standing to the credit of the district when the demand was made. This the petition under consideration does not show, but, on the contrary, it is distinctly alleged: "That said money was by the treasurer of the county of Saline placed in the treasury of the county of Saline, and the same still there remains as part of

the school fund of the county of Saline." In this situation the money was not in a condition to be drawn against by the district, and the defendant would not have been justified in paying it out until duly apportioned by the county superintendent. But it may be said that the placing of these funds to the credit of the general school fund of the county was unauthorized. This may be so, but this action is not based on a misapplication of the money; and besides, it is not shown that the defendant held the office when the funds were paid into the treasury and so credited. If a misapplication were in fact made, it was probably done by one of his predecessors in office, for which he is in nowise answerable.

If, as is alleged, the money is still in the county treasury, standing to the credit of the county school fund, and can still be traced as coming from the city of Crete, as is alleged, it should be duly apportioned by the county superintendent to the proper district. When this is done, and not before, the county treasurer will be justified in paying it out on a proper warrant.

JUDGMENT AFFIRMED.