D. A. PLANT v. W. P. THOMPSON *et al.*

1. REAL-ESTATE AGENT, *When Entitled to Commission.* It is sufficient to entitle real-estate agents to their commission if a sale is effected through their agency as its procuring cause, although the sale may be made by the owners of the property, if by their exertions the purchaser and owner are brought together, and the sale results therefrom.

2. COMMISSION — *Payment not Evaded.* The owners of land cannot evade all liability of paying their agents' commissions for the sale of land for the reason they sold for a sum less than the price given their agents to sell, where the reduction is made of their own accord and to escape payment of the commissions, when the agents were the means of bringing the owners and purchaser together, and the sale resulted therefrom.

*Error from Shawnee District Court.*

ACTION brought by *Thompson & Miller* to recover of *D. A. Plant* and wife their commission for a sale of real estate. The plaintiffs were partners, selling real estate on commission. The defendants placed in their hands in January, 1887, a farm in Shawnee county for sale, the plaintiffs say for the price of $3,750, the defendants $4,000. The farm was subsequently sold to George Kellam by Mrs. Plant for $3,500. The plaintiffs, shortly after the farm was left with them for sale, called Kellam's attention to it, and at that time he said he had a brother-in-law visiting him from Iowa, who might buy the farm. Shortly afterward the brother-in-law returned to Iowa without purchasing any land in Kansas. On the 21st of March, 1887, Mrs. Plant called at plaintiffs' office, and said as there was a mortgage of $1,200 upon this land coming due the 28th of the month, she was very anxious to sell it at once, and said she would like to put the land in other agents' hands also, and would try and sell it herself. Miller, one of the plaintiffs, told her that would be all right, and that if she sold it herself they would not charge her any commission unless she sold to Kellam; in that event, they should claim their commission; Mrs. Plant denies this part of their

conversation. Two or three days afterward, Mrs. Plant called upon Kellam and sold the land to him for his sister and her sons, although the deed was made directly to Kellam and one E. H. Blake. Mrs. Plant herself states that she was first informed that Kellam wished to buy the farm through the plaintiffs; Kellam states, however, that he had entered into no negotiations with the plaintiffs concerning it, and that the land had passed from his mind at the time Mrs. Plant called upon him. A judgment was rendered in favor of plaintiffs for $175; defendants moved for a new trial, which was overruled. They bring the case here for review.

*G. N. Elliott*, for plaintiffs in error.

*Hazen & Isenhart*, for defendants in error.

Opinion by HOLT, C.: In the petition in error the overruling of the motion for a new trial is not assigned as an error. but there is no point made upon this plainly and squarely in the briefs of plaintiffs. If the attention of defendants had been called to it, that defect might have been cured in this court; in the manner it is presented in the briefs we shall disregard it. The defendants claim that there was error in giving and refusing instructions, and that the verdict is contrary to the evidence. There is really but little conflict in the evidence brought before us. Taking even the uncontradicted testimony, we believe the judgment is correct, and without following specifically the objections of defendant, we will give our reasons for affirming it. From the testimony of Mrs. Plant it appears that her attention was first called to Kellam as a probable purchaser by the plaintiffs. To be sure, they entered into no negotiations with him for a sale, and it was sold for a less price than that given the agents. It was also sold by her without any aid from the plaintiffs except that her attention was directed to Kellam by them. This view of the case is as favorable to the defendants as the testimony will justify, and yet under the circumstances the plain-

tiffs were entitled to their commission. They introduced the purchaser to the seller, and by that means the sale was made.

In *Lloyd v. Matthews*, 51 N. Y. 124, in a case similar to this one, the court says:

"It is sufficient to entitle a broker to compensation that the sale·is effected through his agency as its procuring cause; and if his communications with the purchaser were the cause or means of bringing him and the owner together, and the sale resulted in consequence thereof, the broker is entitled to recover."

In *Arrington v. Cary*, 5 Baxt. (Tenn.) 609, it is said:

"When a broker or agent is employed to sell real estate, and produces a person who ultimately becomes a purchaser, he is entitled to his commissions, although the trade may be effected by the owner of the property."

Also, from *Carter v. Webster*, 79 Ill. 435, we quote a part of the opinion, which explains itself:

"Plaintiff engaged Bruner to secure a purchaser for defendant's land, and, according to the custom that prevails, Bruner induced Gun, another real-estate agent, to interest himself to find a buyer for the land. Gun did mention the fact that this property was for sale to Mr. Mears, and through the information thus obtained Mr. Mears sr. went directly to defendant and bought the property of him. The effect of what plaintiff did was to present to defendant a person who made an offer for the property that he was willing to and did accept. This was all plaintiff undertook to do, . . . or all he had to do to earn his commissions."

In *Royster v. Mageveney*, 9 Lea (Tenn.), 148, it is said:

"If a broker is employed to sell property, and he first brings the property to the notice of the purchaser, and upon such notice the sale is effected by the owner, the broker is entitled to commissions."

The court in *Tyler v. Parr*, 52 Mo. 249, speaking by Judge Wagner, said:

"The law is well established that, in a suit by a real-estate agent for the amount of his commission, it is immaterial that the owner sold the property and concluded the bargain. If

after the property is placed in the agent's hands, the sale is brought about or procured by his advertisement and exertions, he will be entitled to his commissions."

See also *Sussdorff v. Schmidt,* 55 N. Y. 319; *Lincoln v. McClatchie,* 36 Conn. 136; *Shepherd v. Hedden,* 29 N. J. L. 334; *Winans v. Jaques,* 10 Daly, 487; *Goffe v. Gibson,* 18 Mo. App. 1; *Anderson v. Cox,* 16 Neb. 10; *Bell v. Kaiser,* 50 Mo. 150; *Williams v. Leslie,* 111 Ind. 70; *Doonan v. Ives,* 73 Ga. 295; *Dolan v. Scanlan,* 57 Cal. 261; *Armstrong v. Wann,* 29 Minn. 126; Fitch, Real-Estate Agency, 119, 120.

The claim of the plaintiffs for commission is not affected because the defendants saw fit to sell the same land for a price less than they gave it to plaintiffs to sell. In this connection Mrs. Plant testified: "I thought if I could make the sale myself I could sell it cheaper and would not have to pay commission." The defendants will not be allowed to take advantage of their introduction to the purchaser by plaintiffs, and reap the benefits of the sale made to him in consequence, and then escape all liability of paying them their commission because they sold the land for a sum less than the price given their agents, where the reduction was made of their own accord. (*Stewart v. Mather,* 32 Wis. 344; *Kock v. Emmerling,* 22 How. 69; *Woods v. Stephens,* 46 Mo. 555; *Reynolds v. Tompkins,* 23 W. Va. 229; *Lincoln v. McClatchie,* supra; Wharton's Agency and Agents, § 329.)

We recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.