Case 13—PETITION ORDINARY—October 24.

## Stedman & Bowman v. Richardson.

### APPEAL FROM FAYETTE CIRCUIT COURT.

1. REAL ESTATE BROKERS' COMMISSION—SALE OF PROPERTY BY OWNER.—Where real estate is placed in the hands of brokers for the purpose of selling same, and they find a prospective purchaser, but after negotiations fail to sell same to him, and afterwards the owner in good faith, and when no negotiations

were pending, withdraws the property from the hands of the brokers, and without any intention to prevent them from making their commissions, sells the same to the purchaser whom they had found and failed to sell, the brokers are not entitled to any commission on the sale.

BRECKINRIDGE & SHELBY FOR APPELLANTS.

1. The broker is entitled to recover if the purchase was the natural and proximate result of his efforts. Mechem on Agency, sec. 966; Lincoln v. McClatchie, 36 Conn., 136; Anderson v. Cox, 16 Neb., 10; Green v. Bartlett, 14 Com. Bench (N. P.), 681.

2. If the principal accepts a purchaser found by the broker and enters into a valid contract of sale with him, either upon the terms previously proposed or upon modified terms then agreed upon, the commission is earned. Coleman's Exor. v. Meade, 13 Bush 363; nor can the principal, when the broker's efforts have resulted in negotations for a sale, step in and, by takng the matter in his own hands, escape liability to the broker. Mechem on Agency, sec. 967; Martin v. Silliman, 53 N. Y., 615; 2 Am. & Eng. Enc. of Law, p. 583, note.

S. E. HILL FOR APPELLEE.

1. The Court below found that the property was in good faith withdrawn from appellants, and that they were not the active or moving cause of the sale, which being the case they are certainly entitled to no commissions. That finding of fact will not be dis-turbed by this Court, and in this case can not be because the evidence on the trial is not before it.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT:

As real estate brokers Stedman & Bowman claim they are entitled to recover certain commissions which they claimed they earned in the sale of a house and lot in Lexington, Ky.

The law and the facts were submitted to the court and the court found the facts to be that "defendant was to pay them a commission of two per cent. upon the selling price for their services in the event that plaintiffs procured a purchaser for said property; that plaintiffs did find O. H. Chenault, and did show him said

property with a view to securing him as a purchaser; that Chenault did not buy said property while it was in plaintiffs' hands, but that said property was taken out of plaintiffs' hands upon their failure to make a sale of it, and one day after it had been so withdrawn the defendant negotiated a sale of said property, and did sell it to said Chenault at the price named in the petition.

"The plaintiffs found Chenault, and but for them the defendant would not have sold to him. The court finds that the defendant and not the plaintiffs negotiated the sale to Chenault; the plaintiffs were not the active or moving cause of said sale; they had found the man who became the purchaser and shown him the property, but when it was sold said property was in good faith out of their hands, and they were not negotiating a sale with him at the time it was withdrawn from them."

In the absence of anything appearing to the contrary we assume the finding of facts by the court to be correct.

While the court says that plaintiffs found Chenault, and but for them the defendant would not have sold to him, yet this language must be considered in connection with the balance of the finding of facts in order to determine what the court means. It appears that the brokers called the purchaser's attention to and showed him the property, but the court says it was taken out of their hands upon their failure to make the sale. It also says that it was withdrawn from their hands in good faith, and when no negotiations for the sale were pending.

We must assume that under the terms of the contract the time was limited in which the sale was to be made by the brokers, or that the sale was to be made in a reasonable time by them; that while the plaintiffs had attempted to sell the property to Chenault, they had failed to do so within the period fixed by the contract or within a reasonable time, hence the withdrawal was made in good faith.

"It is not necessary that the broker should personally have conducted the negotiation between his principal and the purchaser or that he should have been present when the bargain was completed, or even that the principal should at the time have known that the purchaser was one found by the broker. It is indispensable, but it is also sufficient, that his efforts were the procuring cause of the sale; that through his agency the purchaser was brought into communication with the seller, although the parties then negotiated in person. His efforts may have been slight, but if they brought about the desired result no more could be asked; and their operations may have been circuitous, but if the purchase was the natural and proximate result of his endeavors, it is sufficient. The law prescribes no particular method of procedure, nor has it any other standard by which to measure exertion in such a case than the result attained., Mechem on Agency, section 966.

This is a correct statement of the rule so far as it goes. It is sustained by reason and abundant authority.

Stedman & Bowman v. Richardson.

The question involved in this case is not covered by the rule stated, but it is whether when the seller in good faith withdraws the property from the hands of the broker, and subsequently sells it to one to whom the broker had made an effort to sell, can the broker claim his commission?

The brokers failed to make the sale before a rightful withdrawal of the property from their hands. It was not withdrawn for the purpose of preventing them from making their commissions. The mere fact that the brokers showed the purchaser the property and failed to consummate a sale before the withdrawal does not entitle them to their commission.

It is said by Mechem on Agency, section 965: "It will be seen from this rule that when the time is limited the performance must be within *that time* and the broker will not be entitled to commisions because efforts begun within that time bear fruit after its expiration."

To the same effect are the cases of Beauchamp v. Higgins, 20 Mo. App., 514, and Fultz v. Wimer, 34 Kans., 580.

It may be said that perhaps the contract was that the sale was to be consummated only in a reasonable time. Under such a contract the rule is that the broker is entitled to a reasonable time in which to find a purchaser, after which if he be unsuccessful the principal may revoke the broker's authority to sell, and not incur any liability, unless it was done to avoid the payment of commissions, while availing himself of the benefits of the broker's efforts by completing the negotiations then

pending.   Although the seller under such circumstances may subsequently sell to one to whom the brokers made an ineffectual effort to sell, the rule is the same.   Mechem on Agency, section 968; Libbald v. Bethlehem Iron Co., 83 N. Y. 378.

There is no reason why real estate brokers should not be held to comply with the terms of their contracts unless wrongfully prevented by their principals before demanding their commissions.   In the case at bar the withdrawal was in good faith, and when no negotiations were even pending for the sale of the property.

The judgment is affirmed.