[L. A. No. 1062.  Department Two.—November 20, 1902.]

COUNTY OF SAN BERNARDINO, Respondent, v. SOUTHERN PACIFIC RAILROAD COMPANY et al., Appellants.

TAXES—SCHOOL DISTRICT—RAILROAD—IMPROPER ACTION BY COUNTY.—
   A county has no authority to collect taxes upon a railroad operated in more than one county, which are due to a school district through which the railroad passes.

APPEAL from a judgment of the Superior Court of San Bernardino County.    John L. Campbell, Judge.

The facts are stated in the opinion of the court.

C. N. Sterry, and Henry J. Stevens, for Appellants.

F. B. Daley, Dunne & McPike, and J. W. Curtis, District Attorney, for Respondent.

TEMPLE, J.—This action was brought in the name of the county to recover school district taxes levied to pay interest and installments, due upon school district bonds of the Needles School District. The complaint contains several distinct causes of action, each for taxes levied for the same purpose, but in different years.

The first point made by appellants is, that the county has not the legal capacity or the right to sue to recover these taxes for the school district.

The property upon which it is sought to collect the tax is a portion of a railroad operated in more counties than one. As to such property, the constitution provides (sec. 10, art. XIII), "The franchise, roadway, road-bed, rails, and rolling-stock of all railroads operated in more than one county in this state shall be assessed by the state board of equalization at their actual value, and the same shall be apportioned to the counties, cities and counties, cities, towns, townships, and districts in which such railroads are located, in proportion to the number of miles of railway laid in such counties, cities and counties, cities, towns, townships, and districts."

In *People* v. *Central Pac. R. R. Co.*, 105 Cal. 576, it is said, in considering the assessments made by the state board of equalization: "It is the 'value' of the property after it has been assessed that is to be apportioned to the several counties. There is no apportionment to the counties of the property itself, or of any particular part of that property. . . . Only the apportioned part of the assessed value is entered upon the books of the county auditor as the basis of the taxes to be levied within the county, the amount upon which the percentage of tax is to be computed and from which is to be derived the amount of taxes to be paid by the railroad."

It is further said that the constitution itself, by the peculiar manner of assessment of this class of property, has made

the laws providing for the collection of other taxes inapplicable to the collection of taxes upon this class of property and from this class of taxpayers.

The laws for the collection of delinquent taxes upon real estate generally, as contained in the codes, provide a system for advertising and for the sale of the property, which is mandatory, with one express exception, in which the state controller may order suit to be brought. As to railroad property assessed by the state board of equalization, section 3670 of the Political Code provides that the controller may sue to recover such taxes, after they become delinquent, due to the state and all the counties. In section 3671 of the Political Code it is provided: "All taxes upon township, road, school, or local districts shall be collected in the same manner as county taxes."

In 1880 an act was passed entitled "An act prescribing the form of complaint in actions to recover delinquent taxes and to authorize the bringing of suits therefor." (Stats. 1880, p. 136.) The form of complaint contains two causes of action, one for state and one for county taxes, and it then contains the following: "*And it is further provided,* that any.county, or city and county, where such taxes are delinquent, may sue in its own name for the recovery of delinquent taxes, whether the same be for county, or city and county, and state purposes, or taxes, or either of them." The phrase "or taxes" is evidently wholly irrelevant and meaningless. This statute certainly gives no authority to the county to bring an action in its own name to recover taxes due to a school district. It is altogether inconsistent with the code provisions for the collection of taxes whether those assessed by the local authorities or those assessed by the state board of equalization. The sections of the Political Code in regard to the collection of railroad taxes were adopted after the passage of that act. For that, as well as other reasons, it can have no application to that class of taxes. It did not authorize counties to collect by suit taxes upon that class of property.

The only other authority claimed is derived from that portion of section 3671 of the Political Code, copied above. That certainly does not authorize a suit in the name of the county, and would not, even if the county could, under the act of 1880, bring suit for taxes of that character. To say that

such taxes shall be collected in the same manner as county taxes are to be collected, is not the equivalent of a permission to sue for them in the name of the county, and if it were, the county does not, and cannot, collect such taxes by suit in its own name. They are collected for the county by the controller. A school district is a public corporation which may sue and be sued in its own name. (Pol. Code, sec. 1575.) If, therefore, it could be said that the act of 1880 is applicable at all to taxes of this constitutional class, and further, that, through section 3671, it is extended to school districts, still it would not authorize the county to bring this suit.

The school district would have to collect its tax as the county collects its tax on such property, or by suit in its own name.

Counsel cite *County of San Luis Obispo* v. *White,* 91 Cal. 432, as authority for their contention. The only question decided in that case was, that the act of 1880 authorized the county to sue for county taxes, and that road-district taxes were within its provisions. To reach this conclusion the learned commissioner interpolated the phrase not found in the statute, "collectible in the county," but whether the conclusion was right or wrong, it has no bearing on this case. A road district is not a political entity. It can neither sue nor be sued. Its affairs are entirely managed by the county officials. Its taxes are levied, collected, and expended by the county. Its affairs are county affairs. It is not so with a school district.

One of the important questions discussed by counsel is whether the railroad taxes can be apportioned to local districts by the boards of supervisors of the various counties. If this is part of the assessment,—that is, if it is assessorial,— the legislature, it is contended, cannot authorize the apportionment to be made by any one except the state board of equalization. Most serious consequences would follow if this point were sustained, and as it need not be decided now, we shall leave it for further consideration.

The judgment is reversed and the cause remanded, with directions to dismiss the action.

McFarland, J., and Henshaw, J., concurred.

Hearing in Bank denied.