## THEODORE HENNINGER v. PETER BURCH.[1]

June 19, 1903.

Nos. 13,497—(164).

**Broker's Commission.**

In an action by the agent of the owner to recover commission claimed to be due for finding a purchaser for certain real estate, *held*:

**Use of Other Agents.**

1. The agent is not required to personally find the buyer, but may avail himself of the assistance of other agents.

**Dismissal.**

2. There was evidence in the case tending to show that the owner had reasonable cause to believe that the party to whom he sold the premises was sent to him by the agent, and it was error to dismiss the case.

Action in the municipal court of St. Paul to recover $100 as commission for procuring a purchaser for defendant's real estate. The case was tried before Hine, J., who granted defendant's motion to dismiss, upon conclusion of plaintiff's testimony. From an order denying a motion for new trial plaintiff appealed. Reversed.

*Daggett & Todd,* for appellant.

*Peter J. Healey* and *C. W. G. Withee,* for respondent.

LEWIS, J.

The complaint alleges that defendant authorized and requested plaintiff to secure a purchaser for a certain house and lot in the city of St. Paul for the sum of $1,900, and agreed to pay for such services a commission of $100; that plaintiff, through his agent, Daniel Kelly, procured a party (Mr. Donovan) who was ready and willing to buy the property; and that defendant personally entered into a contract with him which resulted in selling him the premises for $1,850; and the action was brought for the purpose of recovering the commission. The case was tried before the court without a jury, and at the close of plaintiff's evidence, on motion of defendant, the court dismissed the action upon the ground that plaintiff had not made out a cause of

[1] Reported in 95 N. W. 578.

action.   Plaintiff moved for a new trial, and also for an order setting aside the decision, and for judgment in favor of plaintiff.   The same having been denied, appeal was taken.

The order must be reversed for the reason that there was evidence reasonably tending to support the allegations of the complaint.   It is immaterial that plaintiff secured Mr. Donovan, the prospective purchaser, through the instrumentality of Mr. Kelly, rather than by coming in contact with him personally.   It is evident that defendant would not have secured the purchaser, had it not been for the services of plaintiff and Mr. Kelly.   The question of fact, whether defendant knew or had reasonable cause to believe that the purchaser was sent to him through the instrumentality of plaintiff, should have been determined by the court.   The owner will not be permitted to avail himself of the services of the agent, and avoid the obligations of the contract to pay for those services, if he had notice sufficient to put him upon inquiry as to whether the agent sent the purchaser. There was evidence tending to show that the purchaser visited Kelly's office, obtained a description of the property, and promised to return, but, instead of that, he looked up the owner, and made the deal directly with him.   There is evidence also tending to show that, before the sale was finally consummated, Mr. Donovan told defendant that he had been sent by Mr. Kelly, a real estate man, and defendant was informed by plaintiff that the man he was dealing with was the same person that had been sent from Mr. Kelly's office.   The court should have determined, as a matter of fact, whether the owner proceeded in good faith to make the sale, without any reasonable cause for believing that the party had been sent to him by plaintiff.

Order reversed and new trial granted.