## JOHN B. GROSE v. J. KOLLER.[1]

December 21, 1917.

No. 20,664.

**Broker — contract for compensation.**

1. The evidence sustains the finding of the jury that the plaintiff's services in securing an exchange of lands were performed under a contract with the defendant contemplating compensation in the event of a successful result and not as a mere voluntary or friendly service nor under an agreement for a specific sum based on the exchange value of the defendant's property.

**Evidence — charge to jury.**

2. There were no prejudicial errors in rulings on evidence nor in the charge to the jury.

Action in the district court for Renville county to recover $1,000 for services as broker. The answer denied that plaintiff's services in connection with a certain exchange of properties was worth $1,000 or any amount whatever. The case was tried before Comstock, J., who at the close of the testimony denied plaintiff's motion for a directed verdict in an amount to be fixed by the jury, and a jury which returned a verdict for $850. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Edward C. Farmer* and *Seager & Seager,* for appellant.

*F. M. Freeman* and *L. J. Lauermann,* for respondent.

DIBELL, C.

This is an action to recover the reasonable value of the plaintiff's services as a broker in securing an exchange of the defendant's property. There was a verdict for $850 for the plaintiff. The defendant appeals from the order denying his motion for a new trial.

1. The defendant owned a mill property and wanted to sell it. He offered the plaintiff all he could get for it in excess of $5,000 upon a

[1]Reported in 165 N. W. 483.

cash sale. The plaintiff failed to effect a sale, but hearing of a possible opportunity of making an exchange for farm lands informed the defendant. He was interested and took the matter up with the plaintiff who introduced him to Shendel and Springer, the owners. The plaintiff and defendant and Shendel and Springer went to the lands and examined them. This ended the plaintiff's actual work in connection with the transaction. A few days later Shendel and Springer examined the mill property. Adjoining it was a residence owned by the defendant. An arrangement was made whereby the mill property and the residence were exchanged on a basis of $8,000 for the mill and residence property and $24,000 for the farm lands.

That the plaintiff brought the defendant and Shendel and Springer together with a view of exchanging properties is not questioned. It was not a mere voluntary or friendly service—at least the evidence does not require a finding that it was. It is rather to the contrary. Neither was the understanding that the plaintiff should have for his services in the exchange the sum for which the mill was valued in excess of $5,000. The agreement for compensation based on a price in excess of $5,000 related to a cash sale. The evidence sustains the finding that the services of the plaintiff were performed under circumstances indicating a mutual understanding that there should be reasonable compensation for them if they brought results.

2. We find no prejudicial errors in rulings on evidence or in the charge of the court. In one or more particulars, to which the defendant calls attention, the charge was not technically accurate, but upon the whole it covered the issue with substantial accuracy and the jury was not misled or the defendant prejudiced.

Order affirmed.