[Civil No. 1800.   Filed November 3, 1920.]

[192 Pac. 1069.]

OSCAR WEBSTER, J. A. MARTIN and O. B. TEN-
NEY, Trustees of School District No. 12,
Graham County, Arizona, Appellants, v. S. F.
HEYWOOD, Appellee.

1. SCHOOLS AND SCHOOL DISTRICTS—COMPLAINT FOR TEACHER'S SALARY
AGAINST TRUSTEES INSTEAD OF DISTRICT DEMURRABLE.—A com-
plaint in an action to recover teacher's salary brought against cer-
tain persons as "trustees of school district No. 12" is demurrable
as not joining the proper parties defendant; Civil Code of 1913,
paragraph 2719, providing that each regularly organized school
district "shall be designated as school district No. —— of ——
county, and in that name the trustees may sue and be sued."

2. SCHOOLS AND SCHOOL DISTRICTS—JUDGMENT FOR TEACHER'S SALARIES
AGAINST TRUSTEES INSTEAD OF DISTRICT ERRONEOUS.—It is im-
proper to render judgment for teachers' salaries against the trus-
tees individually instead of against the district; Civil Code of
1913, paragraph 2753, making it a duty of the trustees to pay
any judgment against the district for teachers' salaries out of
moneys to the credit of the district; the trustees merely being the
agents of the district.

APPEAL from a judgment of the Superior Court
of the County of Cochise.  A. G. McAlister, Judge.
Reversed.

Mr. E. L. Spriggs, for Appellants.

Mr. W. K. Dial, for Appellee.

ROSS, J.—The appellee, as plaintiff, brought this
action against the appellants, "Oscar Webster, J. A.
Martin, and O. B. Tenney, trustees of school district
No. 12 Graham county, Arizona," as defendants, for
one month's salary of $80 claimed to be due her
on a contract for services as teacher; also for a like
amount and services claimed to be due and owing her
on an assigned account of one Minnie Williams; also

for $100 for like services claimed to be due and owing her on an assigned account of one Mary Wise. In the complaint each of the above items and the contracts out of which they grew were set forth as a separate cause of action; and, as to the assigned accounts, it is alleged that the plaintiff "is now the legal owner and holder of same for the purposes of collection."

To the complaint defendants interposed a general demurrer for insufficient facts to constitute a cause of action, and specially demurred on two grounds: First, that the court was without jurisdiction for the reason that the suit is predicated upon three distinct causes of action, neither of which involves an amount equal to $200; and, second, that said complaint attempts to improperly join a cause of action accruing to the plaintiff individually with two causes of action accruing to her in a representative capacity.

The demurrers were overruled, and, after a trial by the court, judgment was entered in favor of plaintiff against the appellants "as trustees of said school district No. 12, of Graham county, Arizona," for the full amount claimed.

Appellants assign four errors, three based upon the overruling of the demurrers, and one upon the refusal to grant defendants' motion for judgment at the close of plaintiff's testimony.

It is first contended that the suit is not entitled and prosecuted against the proper parties; it is said it should have been brought against school district No. 12 of Graham county, and not against the trustees of such school district. To sustain this proposition, we are cited to paragraph 2719, Civil Code of 1913, wherein it is provided that each regularly organized school district "shall be designated as school district No. —— of —— county, and in that name the trustees may sue and be sued, and hold and convey property for the use and benefit of such district."

A school district, under the law, is a public corporation (*San Bernardino* v. *Southern Pac. R. Co.*, 137 Cal. 659, 70 Pac. 782; *Hancock* v. *Board of Education*, 140 Cal. 554, 74 Pac. 44), and the agents appointed by the law to carry on the business for which it is constituted are the trustees. The trustees of a school district, while acting for the district within the powers conferred on them, create rights and obligations of the district, and not of themselves. The salary of the teacher is an obligation of the school district, and not of the trustees. There is no statute in this state authorizing a suit against the trustees on an obligation of the district. The suit in such case must be against the district under the name adopted by it. *Sproul* v. *Smith*, 40 N. J. L. 314, 316, is in point:

"But the action is not brought against any district or corporation. The defendants below are sued by their individual names, with the description appended of 'trustees of school district No. 98, Delaware township, Hunterdon county.' This is not the corporate name of the district against which the plaintiff's claim is. Rev., p. 1076, § 38. The judgment is against the individual trustees, as must necessarily have been the case in the form of action adopted. The action should have been against the district by its true corporate name."

That this suit was prosecuted against the trustees as the real debtors is evidenced not only by the complaint, but the judgment entered was against the trustees individually. This is not assigned as error by appellants, but, as it is a fundamental error, we feel we should correct it.

By paragraph 2753, Civil Code, it is made the duty of the trustees to pay "any judgment against the district for salary due any teacher on contract and for all debts contracted . . . out of school moneys to the credit of such district," and to the faithful performance of those duties their liability seems to be

limited. Under this authority the trustees could not lawfully pay the judgment entered against them individually out of moneys of the district, as they could use the school funds only to pay judgments against the district. If the judgment had run against the school district, as the law contemplates, then a change in the personnel of the trustees, which is of frequent occurrence, would make no difference in the collection thereof, for the reason that the obligation is one of the school district, and the change of agents would not affect the duty of discharging the judgment out of the funds of the district; in other words, the duty attaches to the office, and not the individual trustees.

The complaint on its face showed no cause of action against the appellants and, therefore, the general demurrer should have been sustained. *Donnelly* v. *Duras,* 11 Neb. 283, 9 N. W. 45. Without discussing the special demurrers, we will say we have examined them and found them without merit.

We regret to have to reverse the judgment herein, as it plainly appears from the case made plaintiff was entitled to a judgment against school district No. 12 of Graham county, for the full amount claimed in her complaint. For the reason, however, that the suit and the judgment are against the wrong parties, it must be reversed; and it is so ordered.

CUNNINGHAM, C. J., and BAKER, J., concur.