[Civil No. 1914.  Filed October 19, 1921.]

[201 Pac. 95.]

# CHARLES L. NICHOLS, Appellant, v. ARNOLDAS H. McCLURE and FRANK E. HARRISON, Appellees.

1. BROKERS — EVIDENCE HELD SUFFICIENT TO ESTABLISH FRAUDULENT INTENT OF OWNER AND PURCHASER IN SUBSTITUTING NEW AGREEMENT.—In an action by a broker for commissions for procuring a purchaser for lands, evidence of conduct of the vendor and purchaser in repudiating their contract and substituting a new one *held* to justify a finding that such repudiation and substitution was done with the fraudulent intent to defeat the broker's claim for commission.

2. EVIDENCE — CREDIBILITY OF TESTIMONY OF PARTY DETERMINED IN VIEW OF INTEREST.—In an action by a broker to recover commission for procuring a purchaser, the credibility of the testimony of defendant will be determined as other facts; the court being at liberty to disbelieve his testimony on ground of interest.

3. BROKERS—CLAIM OF BROKER FOR COMPENSATION NOT DEFEATED BY SUBSTITUTING NEW CONTRACT.—A broker's right to commissions for procuring a purchaser for land is not defeated by a new agreement between the vendor and purchaser made for the purpose of depriving the broker of his commissions, which is in essence the same as the first contract.

4. APPEAL AND ERROR—PRESUMED THAT TRIAL COURT IGNORED INCOMPETENT EVIDENCE.—In the trial of an action by a broker for commissions, the introduction of the carbon copy of a letter without a showing that the original letter was lost, destroyed, or unavailable, *held* not prejudicial, other evidence being sufficient to substantiate a finding, and being presumed, if incompetent, to have been ignored by the court.

5. COURTS—SEPARATE CAUSE OF ACTION WITHIN SUPERIOR COURT'S JURISDICTION, THOUGH INSUFFICIENT WHEN STANDING ALONE.—In an action on a claim for an amount within the jurisdiction of the superior court, it has jurisdiction for a separate cause of action for $9.

---

3.  When has a broker earned his commission, note, 139 **Am. St. Rep.** 225.

Right of broker to compensation where sale is defeated by act of owner, notes, 2 **Ann. Cas.** 184; 20 **Ann. Cas.** 1024.

APPEAL from a judgment of the Superior Court of the County of Yuma. Fred L. Ingraham, Judge. Affirmed.

Mr. Peter T. Robertson and Mr. D. T. Jenkins, for Appellant.

Mr. Thos. D. Molloy, for Appellee.

FLANIGAN, J.—This is an action on contract for brokerage commission on sale of real property. The case was tried without a jury, and the defendant, upon the conclusion of the testimony, requested the court to make written findings of fact, in accordance with the provision of section 528, Revised Statutes of 1913. Such findings were accordingly made, and in regular course judgment rendered thereon in favor of plaintiffs for the commissions claimed of $1,750, as also for the cost of an abstract of title to the property involved paid for by plaintiffs in the sum of $9, with interest on both items and costs. From this judgment the defendant has appealed.

It appears from the facts so found that on September 8, 1918, the defendant, being the owner of an 80-acre tract of farm land, in Yuma county, Arizona, "authorized and employed the plaintiffs as defendant's exclusive agents to sell and dispose of said tract of land for the sum of $14,250 net to the defendant, and agreed to pay plaintiffs as commission all they should secure in excess of said sum"; that plaintiffs accepted said employment, and on October 10, 1918, pursuant thereto, "procured and produced a purchaser for the land in the person of one Alfred M. Nuckols, who was then ready, able, and willing to purchase said premises for the sum of $16,000," payable as follows: $500 cash actually paid; $500 on November 3, 1918, thereafter paid; $3,000 evidenced by

promissory notes for the sum of $2,000 and $1,000, respectively, and due on or before January 1, 1919; $12,000 evidenced by three promissory notes in the sum of $4,000 each, secured by mortgage upon the property, due respectively one, two, and three years after January 1, 1919; that these payments were made to defendant, and the notes and mortgage executed to him; that on November 21, 1918, the defendant accepted, ratified, and confirmed this sale and its terms and conditions, and then agreed to pay plaintiffs as commissions the sum of $1,750 as their compensation for effecting the sale. It is further found:

"(6) That subsequent to November 21, 1918, and prior to January 1, 1919, the defendant, contriving in bad faith to cheat and defraud the plaintiffs and to defeat them from collecting from him the said sum of $1,750, conspired and agreed with the said purchaser, Alfred M. Nuckols, that they, the said Nuckols and said Nichols, would falsely state and represent to the plaintiffs that the said Nuckols was unable and unwilling to perform his agreement to purchase said tract of land for said sum of $16,000 on said terms and conditions, all with the fraudulent intent to cheat and defraud the plaintiffs as aforesaid, and in pursuit of said fraudulent scheme and device the defendant did as falsely state and represent to the plaintiffs, and on January 1, 1919, with said fraudulent intent and purpose, purported and pretended to annul and rescind said sale of October 10, 1918, of said tract of land to said Nuckols, and on January 8, 1919, with such fraudulent intent and purpose, pretended to enter in a new deal and agreement with said Nuckols whereby the defendant conveyed said tract of land to said Nuckols.

"(7) That on January 8, 1919, the defendant conveyed said described premises to said Alfred M. Nuckols for the sum of $16,000, on substantially the same terms and conditions as the sale thereof by the plaintiffs on October 10, 1918, and said conveyance of said premises by the defendant to said Nuckols on January 8, 1919, was the consummation of the sale of

said premises made by the plaintiffs for the defendant to said Nuckols on October 10, 1918, in pursuance of their said employment and authorization to sell said premises as set forth in the second finding of fact herein.

"(8) That no part of said sum of $1,750 has been paid."

On behalf of appellant it is contended that certain findings are not supported by the evidence. Upon examination of the abstract of record we are satisfied that the contentions thus made cannot be sustained. We deem it unnecessary to set forth the evidence in the record supporting the findings attacked, other than that relating to findings 6 and 7, quoted. This we do because a determination that these findings are supported by evidence is decisive of most of the questions argued.

It appears that, the purchaser, Nuckols, not having paid the notes for $3,000 due January 1, 1919, the defendant, a resident of Los Gatos, California, on January 2, 1919, wrote from that place to plaintiffs at Yuma that the deal "is called off, as the time expired on January 1st." Mr. Harrison, one of the plaintiffs, testified that he had theretofore informed the defendant that nothing could be done on the notes for $3,000 until after January 2, the holiday intervening. On January 8, 1919, Nichols, according to his own testimony, conveyed the land to Nuckols for $14,000, which, together with the $1,000 already paid to Nichols and retained by him, made a total of $15,000, being $750 more than he would have received under the original deal; Nuckols, the purchaser thus receiving the benefit of a $1,000 reduction from the first price. In the latter part of December, 1918, a Mr. Bondesson, of Yuma, who was the agent of the purchaser in this consummation, if not before, had gone to Los Gatos to talk to Nichols about the business. Bondesson in October had expressed his dis-

satisfaction with the commission of $1,750 to be paid to plaintiffs, saying that "$1,750 was too much commission for any real estate man to get for the sale of any 80 acres of land." The final agreement concerning the conveyance of January 8th was made between Bondesson and Nichols at Los Gatos about January 3, 1919, it appearing from the testimony of Nichols that he then saw Bondesson, who "had papers, and forfeited the other deal," and that the $1,000 already paid was forfeited, that Nuckols, through his agent, Bondesson, agreed to this, and he then entered into negotiations with Bondesson, and as the result conveyed the property to Nuckols for $14,000 on January 8th. There was evidence of an admission made by defendant to one of the plaintiffs that the price obtained on the sale to Nuckols was $16,000, which testimony would support the court's finding to that effect. There was evidence also that under the original contract procured by plaintiffs a claim of $500 due from Nuckols to defendant for rental of the property was to be relinquished by the latter; this item not being considered at all as a part of the consummated agreement, Nichols testifying it was "never mentioned," and that he presumed Nuckols would still owe him the rent, if he wanted to collect it. As we think it immaterial, so far as the defendant is concerned, whether he got $16,000 or a lesser sum, in view of the court's findings on the issue of fraud, and as no point is made by appellant of any necessary correlation between the findings as to purchase price and fraud, we adopt the defendant's statement as to the consideration. We may also remark, in order not to be misunderstood, that, following counsels' presentation in the briefs, we shall not consider in our discussion the rental item.

The circumstances, terms, and conditions of the agreement finally consummated were not given by

Nichols further than is precedingly stated, although he testified; nor were Bondesson or Nuckols called as witnesses, nor was any explanation given why they were not called. Without being unmindful of the rule that fraud must be shown by clear and satisfactory evidence, and not based on vague surmises or strained inferences, we cannot say the finding attacked is not fairly supported by the evidence. The ability of Nuckols to have performed on January 1st may be fairly inferred from his ability to conclude the agreement of January 8th, involving an amount in money within $1,000 of his original contract; it may also fairly be concluded that his unwillingness to go through with the first agreement was referable to the more advantageous terms of the last deal.

As might have been expected, the defendant vouched for his own good faith in the transaction, but the court was not bound to accept the testimony of the defendant Nichols to that effect. The mere fact that he was interested in the result of the suit was sufficient to require the credibility of his testimony to be submitted to the court as a question of fact, and the court was at liberty to disbelieve his testimony solely on the ground that he was interested. *Lentz* v. *Landers,* 21 Ariz. 117, 185 Pac. 821.

The new agreement consummated by the conveyance of January 8, 1919, having been made by the defendant to Nuckols for the purpose of depriving the plaintiffs of their commission, it must be held that the contract so executed was, as found by the court, but the consummation of the executory agreement for the sale of the premises effected by the plaintiffs for the defendant on October 10th. The defendant did not return the sum of $1,000 paid by Nuckols, but pretended to forfeit it, which he had no legal right to do in the absence of agreement to that effect. He thus availed himself of the fruits of plaintiffs' ser-

vices and closed the contract which they had procured for him. No element of bad faith being shown on the part of defendant, he would have been justified on plaintiffs' failure to perform in dealing with Nuckols directly. But under the circumstances shown it must be held that the new agreement was in essence the first contract, changed only in form for the purpose of impairing and defeating the claim of the plaintiffs. *Longworth* v. *Stevens* (Tex. Civ. App.), 145 S. W. 257; *Mooney* v. *Elder,* 56 N. Y. 238; Kolp v. *Brazer* (Tex. Civ. App.), 161 S. W. 899; *Anderson.* v. *Crow* (Tex. Civ. App.), 151 S. W. 1080; *Wilson* v. *Sturgis,* 71 Cal. 226, 16 Pac. 772; *O'Connell* v. *Casey,* 206 Mass. 520, 92 N. E. 804; *Plant* v. *Thompson,* 42 Kan. 664, 16 Am. St. Rep. 512, 22 Pac. 726.

For the reasons just stated it cannot truthfully be said that the enforceability of the original agreement is a question in the case, as contended by appellant. It cannot now be maintained on his behalf that he has not received in the executed contract with Nuckols all he bargained for with plaintiffs, being the very consideration for which he stipulated to pay the commission of $1,750. *Handley* v. *Shaffer,* 177 Ala. 636, 59 South. 286; *Coffman* v. *Dyas Realty Co.,* 176 Mo. App. 692, 159 S. W. 842.

Neither will the fact that defendant sold for a price below that originally agreed upon defeat the plaintiffs' claim:

"Where the terms of sale are fixed by the vendor, in accordance with which the broker undertakes to produce a purchaser, yet if, upon the procurement of the broker, a purchaser comes with whom the vendor negotiates, and thereupon voluntarily reduces the price of the property, or the quantity, or otherwise changes the terms of sale, as proposed to the broker, so that a sale is consummated, or terms or conditions are offered which the proposed buyer is ready and willing to accept, in either such case the broker will

be entitled to his commission at the rate specified in his agreement with his principal." *Stiewel* v. *Lally,* 89 Ark. 195, 115 S. W. 1135; *Baker* v. *Murphy,* 105 Ill. App. 151; *Plant* v. *Thompson, supra.*

Complaint is made that the court erred in admitting in evidence a carbon copy of a certain letter of instructions from defendant to the First National Bank at Yuma, concerning the disposition to be made of an escrow of certain instruments in writing, including amongst others, the notes, the deeds by Nichols to Nuckols, and the mortgage back to Nichols, the original instrument not having been shown to be lost, destroyed, or unavailable. Of the several reasons appearing from the record to show that such act of the court was not erroneous, or, if erroneous, was not prejudicial, we content ourselves with pointing out that there was other sufficient evidence to substantiate the finding of the court on the issues which this copy was offered to prove, and that we will presume, the trial being to the court without a jury, that the evidence, if incompetent, was ignored by the court. *Shannon Copper Co.* v. *Potter,* 13 Ariz. 245, 108 Pac. 486.

It is claimed that the judgment, so far as it is based upon the cause of action for the sum of $9 paid for the abstract of title, is a nullity because it was not within the jurisdiction of the superior court to render judgment thereon. This point was made in the case of *Webster* v. *Heywood,* 21 Ariz. 550, 192 Pac. 1069, and impliedly held to be without merit. We adhere to that ruling.

The remaining questions argued for appellant we do not discuss, either because they have become immaterial in view of the conclusions above stated or because no assignment of error of any kind has been made requiring us to notice them.

There being no error in the case, the judgment must be affirmed.

ROSS, C. J., and McALISTER, J., concur.