CHARLES E. LLEWELLYN v. F. A. OLSON.[1]

December 10, 1926.

No. 25,698.

**Finding sustained that plaintiff broker was entitled to commission.**
That plaintiff was the procuring cause of a trade so as to be entitled to an agreed commission is sustained by the evidence.

Brokers, 9 C. J. p. 656 n. 44.

Defendant appealed from an order of the district court for Ramsey county, McNally, J., denying his motion for a new trial. Affirmed.

*James Schoonmaker*, for appellant.
*Edgerton, Dohs & Edgerton*, for respondent.

[1]Reported in 211 N. W. 161.

HOLT, J.

Appeal from the order denying a motion for a new trial after findings awarding plaintiff an agent's commission in a real estate trade.

The findings of fact were in substance that defendant employed plaintiff to exchange the former's bungalow for an apartment building; that the exchange was made; that plaintiff was the procuring cause; and that defendant agreed to pay a commission of $250 for the services. And as appellant properly states the real question is whether the evidence supports the finding that plaintiff was the procuring cause of the trade. The finding might well have been that he was not, but it cannot be held that the contrary conclusion could not be reached. Plaintiff appears to be a curbstone broker, who knew defendant and that he was in the market for real estate transactions. Early in April, 1925, learning that one. Huntley of Minneapolis, a real estate agent, had a four-apartment building on Park avenue, in that city, listed for trade or sale, plaintiff approached defendant with the suggestion that he examine the building with a view of making a deal. Defendant stated he owned a bungalow in Minneapolis that might be turned into a trade. The two examined both buildings together, and Huntley also looked over the bungalow. One Medlar at that time held a contract of purchase for the apartment building. After some dickering defendant turned down the proposition. In the following month Medlar disposed of his contract to a corporation, but the latter still kept the property listed for sale or trade with Huntley. Early in June Huntley telephoned defendant to come to his office as the then owner was willing to trade on better terms than before. Defendant went to the office as requested, and a trade of the two properties resulted. Plaintiff never saw defendant after the first proposition of trade was refused in April, until after the deal in June was made. The bungalow was not listed with plaintiff for sale. When the first trade was proposed, plaintiff's evidence is that defendant agreed to pay him a commission of $250, if there was an exchange of the two properties. Defendant is not certain that the name of the owner of the apartment was disclosed; plaintiff testified it was not.

The case turns upon the point whether the employment was limited to the one trade proposed in April, so that when that was turned down the agency ended. The court found the employment was continuous and was not revoked. Had there been no change in ownership or terms of the exchange as to either of the two properties it would be plain that the mere lapse of two months and the turning down by defendant of the first proposition would not indicate a termination of the employment. And since it was defendant's purpose to effect an exchange of the two properties regardless of ownership, if terms satisfactory to him could be had, it was more reasonable to conclude that the employment was not intended to be limited to the first effort. If the employment was not so limited, it is not difficult to conclude that plaintiff was the procuring cause of the deal, for he had brought defendant into touch with Huntley, who all through had authority to trade the apartment in question, and did do so. We think the case is more on its facts like those presented in Hubachek v. Hazzard, 83 Minn. 437, 86 N. W. 426; Henninger v. Burch, 90 Minn. 43, 95 N. W. 578; Grose v. Koller, 139 Minn. 92, 165 N. W. 483; than in Armstrong v. Wann, 29 Minn. 126, 12 N. W. 345, and Putnam v. How, 39 Minn. 363, 40 N. W. 258, cited by appellant.

The order is affirmed.