# ARTHUR C. ARMSTRONG v. BROWN BROTHERS, KOOTZ & COMPANY, INC.[1]

January 21, 1938.

No. 31,462.

*William E. G. Watson,* for appellant.
*Walter U. Hauser,* for respondent.

GALLAGHER, CHIEF JUSTICE.

Action to recover commissions which plaintiff claims are due him for the sale of securities handled by defendant in its brokerage

[1]Reported in 277 N. W. 348.

business. Plaintiff recovered a verdict for $230. Defendant appeals from an order denying its motion for judgment notwithstanding the verdict or a new trial.

Plaintiff claims that in June, 1936, he entered into an agreement with defendant to sell its securities on a commission basis of five per cent. While the complaint alleges that the commission was to be paid on all sales made by plaintiff or to customers on plaintiff's list, the proof shows that plaintiff did not expect a commission except on sales resulting from his efforts. He so testified on direct examination and also on cross-examination.

Defendant admits the employment but contends that the rate of commission was to be two and one-half per cent on sales made by plaintiff or through his efforts. It denies that any such sales were made.

At the commencement of the employment on June 21, 1936, defendant furnished plaintiff with a list of prospective purchasers. Included in this list were the names of one Ed Elston and one Edmund J. Hyser, both of whom had had previous dealings with defendant. Plaintiff interviewed each of these prospects on two or three occasions and endeavored to interest them in the securities he was selling. Reports of these interviews were made to defendant on blanks furnished for that purpose and orally in conferences between plaintiff and Paul Brown, defendant's salesmanager.

There appears to be some controversy as to just when the employment terminated. Plaintiff claims that the latter part of July he told Brown that business conditions were slack and that he desired to go away for a few weeks and would return about September 1, and that Brown agreed to that plan. Brown contends that the employment terminated at the time of the talk and that plaintiff's agent's license was turned in at that time. This license, however, was not returned to the state for cancellation by defendant until about August 11.

Sometime during August and before plaintiff's license was returned to the state for cancellation, he learned that sales were made by defendant to Elston and Hyser about August 1 and shortly after his last conference with each of these parties. Upon receiving this

information, he conferred with Brown and claimed a commission on each of the sales. Brown denied that he was entitled to the commission, and this action followed.

There were only two issues for determination by the jury: (1) Were the sales to Elston and Hyser brought about by plaintiff's efforts, and (2) if so, was the rate of commission to be five per cent as claimed by plaintiff or two and one-half per cent as claimed by defendant? Both issues were decided in plaintiff's favor.

■ The first point made by defendant is that its motion for judgment should have been granted. There is no merit in this claim. The record discloses that plaintiff interviewed each of the parties to whom sales were later made and endeavored to close deals with them. It is conceded by defendant that plaintiff was employed to sell its securities and that if sales were made as a result of his efforts he was to be paid a commission therefor. According to the testimony, plaintiff conferred with each of the prospective customers as late as the latter part of July. While the orders were not given to him personally, one of the deals was consummated on August 1 and the other on August 4. In the Hyser case plaintiff testified that in one of his conversations with Brown the latter advised him to discontinue his interviews with Hyser and that he, Brown, would complete the negotiations, which he actually did a few days later. If there was testimony in the record to support plaintiff's claim that these sales were brought about as a result of his efforts, defendant was not entitled to a directed verdict nor would it be entitled to judgment notwithstanding the verdict. Clearly, there was testimony for the jury upon that issue, and a finding that each of the sales in question was made as a result of plaintiff's efforts is amply sustained by the evidence.

■ The next point raised by defendant is that the court erred in failing to give four instructions requested by it. These requests all had to do with the question as to whether or not the sales upon which plaintiff claims commission were the result of his efforts. The law is well settled that a broker is not entitled to a commission unless he is the procuring cause of a sale. 1 Dunnell, Minn. Dig.

(2 ed. & Supps. 1932, 1934) § 1149; Armstrong v. Wann, 29 Minn. 126, 12 N. W. 345; Hubachek v. Hazzard, 83 Minn. 437, 86 N. W. 426; Llewellyn v. Olson, 169 Minn. 317, 211 N. W. 161. Each of the requested instructions was couched in language making a determination of the ultimate issue dependent upon the belief by the jury of certain testimony referred to in the request to the exclusion of all other testimony in the case. Such requests are not in proper form. Request No. 4, as it appears in the record, is wholly improper and meaningless. It reads as follows:

"The defendant requests the court to charge the jury as follows:

"If you believe that portion of the testimony of the defendant as to the agreement for commission between the parties, namely, that plaintiff was to receive a commission on all sales made as a result of his efforts, you will then determine under the rules of law, as given you by the court and the evidence in this case, whether the plaintiff has proven by a fair preponderance of the evidence that the sales made to Mr. Hyser, or Mr. Elston, or both of them, were made as a result of the efforts of the plaintiff, your verdict must be for the defendant."

Like this one, the other requests all begin by using the words: "If you believe that portion of the testimony," then singling out portions of the testimony of the plaintiff or defendant to the exclusion of all other testimony in the case.

But regardless of whether or not the requested instructions were expressed in proper language, we do not see how defendant was prejudiced by the failure of the court to give the requests. The ultimate question for determination by the jury was: "Were the sales brought about by plaintiff's efforts?" He testified that unless they were he was not entitled to a commission. Defendant conceded that if they were, plaintiff was entitled to a commission. The court stated to the jury the claims of the respective parties and instructed the jury that it was the duty of the plaintiff to prove his claim by a fair preponderance of the evidence. After all, the main purpose of an instruction is to guide the jury in knowing the issue for determination. Here the parties were agreed upon that

issue. They were agreed that plaintiff was entitled to a commission if his efforts brought about the sales. Their only point of disagreement had to do with whether the sales were the result of plaintiff's efforts and the percentage of commission to be paid. There is no ground consequently for the claim that defendant was prejudiced by the court's failure to give the requested instruction, nor was there any exception taken to the instructions as given.

Numerous other errors are assigned which require little discussion. It is claimed that plaintiff is not entitled to a commission because he had abandoned his employment. The evidence would justify a finding that the employment did not actually terminate before August 7, and concededly the sales were both made prior to that date. His license to sell securities was in force until about August 11.

The trial court refused to permit one of the purchasers to testify that plaintiff's calls were not the persuading factors that induced him to enter into the deal, on the ground that it was a conclusion. The witness testified that he gave slight attention to plaintiff's conversation and that he told plaintiff that he would not deal with him but would only deal with members of the firm whom he knew. The jury had the benefit of the testimony from which the witness might have reached the conclusion in his own mind that he was not induced to purchase through plaintiff's efforts. There was no prejudice to defendant in excluding the conclusion of the witness. We find no other errors requiring a new trial.

The order appealed from is affirmed.