PLUMMER, PERRY & CO. ET AL., APPELLANTS, V. CHARLES H. ROHMAN ET AL., APPELLEES.*

FILED DECEMBER 18, 1900.    No. 9,294.

1. **Statute of Limitations: PLEA BY THIRD PARTY.** Ordinarily, a third party may not interpose the defense of the statute of limitations.

2. **Homestead: FRAUDULENT ALIENATION.** The family homestead to the value of $2,000 is not the subject of fraudulent alienation.

*Rehearing allowed.

3. **Office of Reply.** The office of a reply is to deny the facts alleged in the answer as a defense, or to allege matters in avoidance of such defense not inconsistent with the cause of action set out in the petition.

4. ———: New Cause of Action. A new cause of action may not be set forth in a reply.

APPEAL from the district court for Lancaster county. Heard below before HOLMES, J. *Affirmed.*

*A. G. Greenlee, Stevens & Cochran, Elmer J. Burkett* and *Ricketts & Wilson,* for appellants.

*Frank H. Woods,* for Grainger Bros.

*Burr & Burr, contra.*

NORVAL, C. J.

This suit was commenced in the district court for Lancaster county by Plummer, Perry & Co., to subject certain real estate situate in the city of Lincoln to the lien of a judgment theretofore obtained by said company against one Charles H. Rohman. The latter had been engaged in the grocery business in said city, in partnership with one Milton McGoogan. The firm failed in business, and on the afternoon of the same day, said Rohman and wife conveyed to one Charles Burr the property in controversy; and Burr and wife immediately conveyed the same to Eda M. Rohman, the wife of said Charles H. Rohman. This property was at that time of the value of about $4,000, was the residence of Rohman and wife, and the title to it had stood in his name for several years prior to such conveyance; and in several instances had been included in lists of assets by him furnished to commercial agencies for the purpose of obtaining credit in his business. The transfer from Rohman and wife to Burr and from Burr and wife to Mrs. Rohman was without consideration, this being the means taken to place the title of the property in Mrs. Rohman. The day following this transfer said Plummer, Perry &

Co. commenced an action in the district court against Rohman and his partner on account of an indebtedness of the firm for goods, and attached this property, in which cause they afterwards. obtained judgment and an order directing the sale of the property so attached. Other firms subsequently commenced actions, and levied like attachments and obtained judgments, and in this action are made defendants.   In the petition in the case before us said Plummer, Perry & Co. set forth facts hereinbefore recited, and further, the issuance and return of an execution unsatisfied, and allege that said Eda M. Rohman paid no consideration for the conveyance of said property to her, but that said conveyance was made solely for the purpose of transferring property from said Charles H. Rohman to her; that said conveyance, as well as that to Burr, was wholly without consideration, and made for the sole purpose of hindering and defrauding the creditors of said Charles H. Rohman in the collection of their just claims against him; that his wife, as well as Burr, well knew that said transfers were made with such fraudulent intent, and that said Rohman and his partner were insolvent; and praying that the deed be canceled and that the premises be sold to satisfy the judgment. The other judgment creditors, by cross-petitions, set up substantially the same facts, and to these, and the petition, said defendant, Eda M. Rohman, answered, alleging in substance that said premises were the homestead of the defendants; that at various times prior to the date of the transfer said answering defendant had, out of her separate property, advanced various sums of money to said Rohman, the total at the time of said transfer aggregating $2,200, which sum was owing her on said date, when she demanded repayment of said sum, which said Rohman was unable to do; that it was then agreed that he would transfer title to her, in full discharge of all said indebtedness, and that said conveyance was the result of said agreement.   Said answer set forth the particulars of such advances to said Charles H. Rohman,

one of the items being the payment by her of a mortgage of some $1,300, due against the property in question, and that at the time of such payment it was agreed that said mortgage should be assigned to her, or that the place should stand as security to her for the repayment of this sum. In reply to this answer said Plummer, Perry & Co. and the cross-petitioners allege, among other things, substantially, that at all times since the purchase of this property by said Charles H. Rohman the title thereof stood in his name, with his wife's knowledge and consent; that he did business on the faith and credit of his being the owner thereof; that said plaintiffs sold the goods, for which their judgment was obtained, upon the faith of and relying upon the fact that said Charles H. Rohman, the husband, was the owner of said property, and further alleging that, if said debt from Rohman to wife ever existed, it was not evidenced by writing, and that more than four years had elapsed between the date of its maturity and the date of the transfer of said property. On the trial the lower court found the facts, and we think properly, substantially as recited in the answer, and further found that, for a number of years prior to the commencement of this suit said Charles H. Rohman was engaged in the mercantile trade in the city of Lincoln, and obtained credit in carrying on and conducting said business, and contracted indebtedness to said several defendants and interveners herein; that he obtained credit in said business by reason of the fact that the property in controversy was allowed to stand in his name as the owner, the indebtedness to his wife not being specially made known to his creditors; but that said wife had no knowledge of the financial standing of her husband, or of the condition of his business, or that, by reason of the title standing in his name, he was obtaining credit, or that he was in any manner withholding from the commercial world any facts concerning his indebtedness to his wife; that she had no knowledge of his insolvency, but had implicit faith in his integrity and

business ability, and, therefore, failed to demand and take security on the homestead and property in controversy for the advances so made; and the court further found as follows: "But the court finds that whether or not the said Eda M. Rohman would be estopped from accepting such transfer in payment of such indebtedness should not be determined, and is not passed upon in this case, for the reason that estoppel has not been pleaded by the several defendants and interveners herein as provided by law." Upon the findings and conclusions adduced therefrom the lower court rendered a decree in favor of said defendant, Eda M. Rohman, and from which said Plummer, Perry & Co. and two other judgment creditors, Reid, Murdoch & Co. and Grainger Bros., appeal to this court.

It is not seriously contended that the fact that the statute of limitations had probably run on this indebtedness from Rohman to his wife could be successfully pleaded in bar of her right by a creditor, it being a mere personal privilege and one that her husband only could avail himself of or waive, as he thought proper, and the court will, therefore, not discuss that question at length. *Baldwin v. Boyd*, 18 Nebr., 449; *Dayton Spice-Mills Co. v. Sloan*, 49 Nebr., 622. There remains, then, but one proposition to determine, and that is, whether the matter in estoppel set out in the several replies was so pleaded as to make it the duty of the lower court to pass upon the question of estoppel sought to be raised. The husband could, of course, convey his homestead to his wife, and it would be immaterial whether his purpose was or was not to defraud his creditors. *Munson v. Carter*, 40 Nebr., 417; *Bloedorn v. Jewell*, 34 Nebr., 649; *Roberts v. Robinson*, 49 Nebr., 717; *Mundt v. Hagedorn*, 49 Nebr., 409.

The court having found that the indebtedness of $2,200 was valid, said finding being based upon evidence, it remains then to determine whether the appellants could, by the reply, avail themselves of any of the facts found as an estoppel of the wife to claim title to the prop-

erty over and above the homestead right of herself and husband. The cause of action set up in the petition was that the conveyance of title to this property from Rohman to his wife was without consideration and made for the sole purpose of hindering and defrauding his creditors, while the reply alleges that, if the transfer was for a consideration, then the wife could not avail herself of it, for the reason that she had permitted him to obtain credit by representing to creditors that he was the owner of the property, and by concealing the fact of his indebtedness to his wife.

The question then is, are the facts set up in the reply by way of estoppel such a departure from the cause of action set forth in the petition as to constitute a new cause of action? The mere statement of the facts would make it appear so; for by the reply plaintiff practically admits the very opposite of the facts relied on in the petition, and seeks by an estoppel to avoid the consequence of these facts. It is not the office of a reply to set out a new cause of action, particularly when the facts so pleaded constitute a departure from the cause of action set forth in the petition, or a new cause of action. *Piper v. Woolman*, 43 Nebr., 280; *Wigton v. Smith*, 46 Nebr., 461; *Hastings School District v. Caldwell*, 16 Nebr., 68; *Savage v. Aiken*, 21 Nebr., 605. This court has ruled in a number of cases that the reply may set out any new matter of defense to the allegations of the answer not inconsistent with the cause of action set out in the petition. *Paxton Cattle Co. v. First Nat. Bank*, 21 Nebr., 621; *Mollyneaux v. Wittenberg*, 39 Nebr., 547; *Cobbey v. Knapp*, 23 Nebr., 579; *Anderson v. Imhoff*, 34 Nebr., 335. That this is the proper rule we do not doubt. But in the case at bar, the facts alleged by way of estoppel necessarily admit the existence of facts the very opposite of those relied upon in the petition as plaintiff's cause of action; hence the matter of estoppel is inconsistent with the cause of action set out in the petition, and, therefore, not properly pleaded in the reply. Had the plaintiff below desired to

depend upon the matters therein alleged, they should have been made a cause of action in the petition. To the latter argument, however, it is insisted that the plaintiff below could not anticipate that the defendant Mrs. Rohman could avail herself of the defense set forth in her answer, and for that reason could not know in advance that it would be necessary to allege matters in estoppel sought to be availed of in the reply, and for that reason these matters were more logically left for the reply. Plaintiffs, however, knew, before they commenced the suit, whether they had furnished the goods to the husband of Mrs. Rohman on the faith and credit of his being the owner of the property in controversy, and could and should have set out that fact in their petition. It is further argued that, although it may be true that the matters of estoppel were improperly pleaded in the reply, the case falls within the rule announced in *Gregory v. Kaar*, 36 Nebr., 533, that where a new cause of action is presented by reply, but when no objection is made on that ground, and the issues presented are submitted on their merits, the objection that the cause of action was first stated in the reply will be held to have been waived. We find, however, that objection was made to the introduction of evidence to sustain these allegations of the reply, and are, therefore, of opinion that no waiver of the right to object in this court to the order of pleading has occurred.

A careful reading of the evidence convinces us that the findings of the court are amply sustained by the evidence, and that the court did not err in refusing to consider the matters of estoppel thus set out, and that the judgment of the lower court is right, and it is, therefore,

AFFIRMED.