HARRY E. NEILL, APPELLEE, V. CHARLES J. BURKE ET AL., APPELLEES; GIRARD TRUST COMPANY, TRUSTEE, APPELLANT.

FILED MARCH 5, 1908.    No. 15,107.

1. Limitation of Actions, Defense of: MORTGAGE FORECLOSURE.  Where, in a suit to foreclose his mortgage, a mortgagee asks for an account of, and offers to pay, the amount due to the holder of a tax sale certificate issued against the mortgaged property, who is also a party to the action, such tax purchaser may not plead the statute of limitations against such mortgage; he having no interest in the right of the mortgagee to enforce the same.

2. ———: ———.  The defense of the statute of limitations is a personal privilege of the debtor, and can only be made by him or by persons standing in his place.  When, therefore, in a suit to foreclose a mortgage, the allegation concerning a defendant is that he has or claims some interest in the premises subject to that of the mortgagee, and the character of his interest does not otherwise appear, he cannot present the defense of the statute of limitations by demurrer, nor without alleging facts showing that he has such an interest in the real estate described in the mortgage as entitles him to the benefit of that defense.

APPEAL from the district court for Hitchcock county: ROBERT C. ORR, JUDGE.  *Reversed.*

*Bowersock & Hall, Dempster Scott* and *W. S. Morlan,* for appellant.

*J. W. Cole, contra.*

CALKINS, C.

The plaintiff, Harry E. Neill, began an action in the district court to foreclose a tax sale certificate issued against a tract of land in Hitchcock county. Among others, he made one Thomas A. Neill defendant, but did not allege the nature of the interest had or claimed by him. In this action the Girard Trust Company was permitted to file a petition of intervention, in which it alleged the making by one Burke, the then owner, of a mortgage on the land in question on the 1st day of January, 1887, due in 5 years from that date, and that no part of the debt thereby secured had been paid. The intervener asked to have an account taken of the amount due the plaintiff on his tax certificate, and that it be permitted to pay the same and be subrogated to the plaintiff's rights in respect thereto. The makers of the mortgage were made party defendants, and the only statement contained in the petition of intervention as to the interest of the defendant Thomas A. Neill was the allegation that he claimed some interest or right in the premises, but that whatever interest he might have was subject to the right of the intervener. To this petition the plaintiff and the defendant Thomas A. Neill each interposed a general demurrer, urging in support thereof that the petition of intervention showed that the mortgage therein set forth had been barred by the statute of limitations before the filing of such petition, and that the same for that reason failed to state facts sufficient to constitute a cause of action. The district court sustained both demurrers, and, the intervener electing to stand upon its petition, judgment was rendered dismissing the same. The intervener brings this appeal to review such decision.

1. The defense of the statute of limitations is generally regarded as a personal privilege of the debtor, which cannot be interposed by a stranger, and which can only be made by him or by persons standing in his place, such as his grantees, mortgagees, executors, administrators, trustees, heirs or devisees. *Corbey v. Rogers*, 152 Ind. 169, and

cases there cited.  This principle is recognized in *Baldwin v. Boyd*, 18 Neb. 444, and *Dayton Spice-Mills Co. v. Sloan*, 49 Neb. 622; the actual point decided in the latter case being that the creditors of a husband cannot question the validity of a conveyance made by him to his wife in payment of a preexisting debt, on the ground that such debt was at the time of the conveyance barred by the statute of limitations.  In *Plummer, Perry & Co. v. Rohman*, 61 Neb. 61, this rule was again enunciated and similarly applied.  It is, however, urged that a different rule was enunciated in *Hurley v. Cox*, 9 Neb. 230, and *Nares v. Bell*, 66 Neb. 606.  In the former case the parties seeking to plead the statute of limitations claimed title by tax deeds which were alleged to be invalid; but the court held that they, having tax deeds therefor apparently regular on their face, had a right to defend their title.  The case goes no further than to hold that, where the title of one who claims under a tax deed apparently regular is assailed in an action brought by a mortgagee of the same land, the holder of the tax title may plead the statute of limitations against the mortgagee.  In *Nares v. Bell, supra*, the only point determined was that, where the debt is payable by instalments, a mortgage cannot be enforced for any instalment due and payable 10 years or more prior to the commencement of the action.  It does not appear from the opinion in the case who interposed the plea of the statute of limations; but, if we assume that it was done by the second mortgagee, it will not strengthen the plaintiff's contention, for the second mortgagee, who claims under the debtor, is one of the exceptions to the rule.  The plaintiff has no title in the land, nor is he interested therein, except to have payment of the amount of taxes represented by the certificate.  This right is not contested by the intervener, who is only asking the privilege to pay the same.  It makes no difference to the plaintiff whether the intervener's mortgage is valid or invalid.  Parties must vindicate their own rights.  One cannot complain for others of errors which, if they exist, in no

manner affect his own interest. Hawes, Law of Parties to Actions, sec. 8; *Albright v. Flowers,* 52 Miss. 246. The rule is fundamental that no person can maintain an action or defense concerning a subject matter in respect to which he has no interest, right or duty, either personal or fiduciary. *Baxter v. Baxter,* 43 N. J. Eq. 82. In the controversy before us the subject matter is the right of the intervener to enforce his mortgage. In that question the plaintiff had no interest, and his demurrer should therefore have been overruled.

2. The record nowhere discloses the nature of the interest, if any, of the defendant Thomas A. Neill, and it is therefore impossible to say whether or not he belongs to the class which may be permitted to plead the statute of limitations under the rule we have stated. In *Corbey v. Rogers, supra,* the facts were similar; the petition having charged that the defendant had or claimed some interest in the land, which interest, if any, was subject to the plaintiff's lien. The defendant pleaded the statute of limitations, but failed to set forth in his answer the character of the interest he claimed; and the court held that it was incumbent upon him to aver facts showing that he had such an interest in the real estate described in the mortgage as entitled him to the benefit of the statute of limitations. We think this is the correct rule, and that the demurrer of the defendant Thomas A. Neill should have also been overruled.

We therefore recommend that the judgment of the district court be reversed and this cause remanded for further proceedings in accordance with this opinion.

FAWCETT and ROOT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED.