HAROLD L. GURSKE, APPELLEE, v. FLOYD W. STRATE ET AL., APPELLEES, IMPLEADED WITH THE FIRESTONE TIRE AND RUBBER COMPANY, A CORPORATION, APPELLANT.

87 N. W. 2d 703

Filed January 24, 1958. No. 34303.

*Paul P. Chaney* and *Archibald J. Weaver,* for appellant.

*Ginsburg, Rosenberg & Ginsburg,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is a suit to reform a real estate mortgage and to foreclose the mortgage as reformed. The answering defendant is a judgment creditor claiming a prior lien by virtue of the levy of an execution on the property. The trial court found that the plaintiff held a first lien on the property and ordered a sale to satisfy the mortgage. The judgment creditor has appealed.

The evidence shows that the plaintiff, who will hereafter be referred to as Gurske, obtained a note and mortgage from his brother-in-law, Floyd W. Strate, on an undivided one-half interest in Lots 10, 11, and 12, Block 8, Hillcrest Addition to the city of Falls City, Richardson County, Nebraska, on May 17, 1949, in the amount of $4,700. The property described belonged to Gurske's mother, Margaret Gurske, in which Strate had no in-

terest. The evidence shows that Strate was the owner of a one-half interest in Lots 13, 14, and 15, Block 7, Hillcrest Addition to the city of Falls City, Richardson County, Nebraska. The record further shows that it was the intent and purpose of Strate to mortgage to Gurske his one-half interest in the last-described property, but through inadvertence and mistake Gurske described the property of his mother instead of that belonging to Strate.

It is the contention of the judgment creditor, the Firestone Tire and Rubber Company, that Gurske is precluded from reforming the mortgage by sections 25-207 and 25-212, R. R. S. 1943, statutes of limitation alleged to be applicable.

The general rule is: "The defense of the statute of limitations is generally regarded as a personal privilege of the debtor, which cannot be interposed by a stranger, and which can only be made by him or by persons standing in his place, such as his grantees, mortgagees, executors, administrators, trustees, heirs or devisees." Neill v. Burke, 81 Neb. 125, 115 N. W. 321. The effect of this holding is that generally a party to suit may not assert the statute of limitations as a defense where the debtor has not done so, unless he stands in privity with the debtor, and in this respect he must plead and prove facts showing that he is in privity with him. In the present case the Firestone Tire and Rubber Company shows that it is a judgment creditor claiming a lien under its judgment and the levy of an execution. As a judgment creditor it is not in privity with the debtor and is not entitled to raise the statute of limitations even if it is a defense to the foreclosure of the mortgage lien if raised by the judgment debtor. While it is true that there are cases to the contrary from other jurisdictions, the rule is firmly established in the law of this state. Neill v. Burke, *supra;* Plummer, Perry & Co. v. Rohman, 61 Neb. 61, 84 N. W. 600; Dayton Spice-Mills Co. v. Sloan, 49 Neb. 622, 68 N. W. 1040.

The equity of reformation is superior to the rights of general creditors. In support of this holding this court in Beckius v. Hahn, 114 Neb. 371, 207 N. W. 515, 44 A. L. R. 73, said: "In equity the reformation of an instrument has the effect of making it express the real intent of the parties. The rights of the parties are measured by the instrument, as originally intended, and the effect of the reformation, as a whole, should be to give all the parties all the rights to which they are equitably entitled under the instrument they intended to execute. Except as to bona fide purchasers without notice and those standing in similar relations, upon the reformation of an instrument, the general rule is that it relates back to, and takes effect from, the time of its original execution, especially as between the parties thereto and as to creditors at large and purchasers with notice."

A separate suit in equity to reform the mortgage to correct the mutual mistake of the parties is not necessary. Equity and justice can be administered in a single suit. The reformation of the mortgage to correct the mutual mistake is incidental to the foreclosure of the mortgage and any and all equitable rights the mortgagee can show that he has in it. The rights of a judgment creditor who has levied an execution are not those of an innocent purchaser for value. Such creditor's rights are inferior to all the rights of the holder of the mortgage, both legal and equitable. Central Granaries Co. v. Nebraska Lumbermen's Mutual Ins. Assn., 106 Neb. 80, 182 N. W. 582; Garbark v. Newman, 155 Neb. 188, 51 N. W. 2d 315. The rights of Gurske in the mortgage as reformed are therefore superior to the rights of the Firestone Tire and Rubber Company.

The decree of the trial court is consistent with the foregoing conclusions and the decree of the district court is therefore affirmed.

AFFIRMED.