514 P.2d 514

Christine R. PERRY, Appellant,

v.

APACHE JUNCTION ELEMENTARY SCHOOL DISTRICT #43 BOARD OF TRUSTEES, Apache Junction High School District #843 Board of Education, and Ralph Stone, Ray Marquez, Edward Hepworth, Roy Hudson, and Bernard Muths, Individually, and as the Board of Trustees and Board of Education, Respectively, and Don Wagner, Individually, and as Superintendent of the Combined School Districts, Appellees.

No. 2 CA–CIV 1359.

Court of Appeals of Arizona,
Division 2.

Oct. 4, 1973.

Rehearing Denied Nov. 6, 1973.

Review Granted Dec. 11, 1973.

John V. Riggs, Tempe, for appellant.

Snell & Wilmer, by Kenneth R. Reed, Phoenix, for appellees.

## OPINION

HOWARD, Judge.

Appellant Christine Perry was discharged from her position as principal of Apache Junction High School on January 7, 1971. As a result of the discharge this action was commenced. In her complaint appellant alleged that various members of the school board deprived her of a hearing required by the "due process clause" of the United States Constitution, breached her contract and defamed her. Appellant fur-

ther alleged that these acts were the result of a conspiracy among certain members of the school board. A motion to dismiss appellant's second amended complaint was treated by the trial judge as a motion for partial summary judgment. The motion was granted dismissing all counts except that for breach of contract with damages limited to the remaining salary of the year for which appellant was employed. This count was settled without a trial and this appeal from final judgment followed.

Appellant submits the following issues for determination by this court.

(1) Did count one of appellant's complaint alleging denial of a hearing in violation of the due process clause of the Constitution state a claim enforceable in the courts of this State?

(2) Is appellant entitled to damages for loss of professional reputation, impairment of future employability, physical, mental and emotional distress as a result of breach of the employment contract?

(3) Did breach of appellant's contract with the school district give rise to an action for damages for lost wages after expiration of the contractual period?

(4) Are the defamatory statements alleged in the complaint of a "per se" variety alleviating the requirement of pleading special damages?

(5) Is there sufficient evidence of conspiracy to withstand a motion for summary judgment?

In reviewing rulings granting a motion for summary judgment, the record is considered in the light most favorable to the party opposing the motion. Weber v. Bates, 3 Ariz.App. 420, 415 P.2d 135 (1966). Upon considering the record we conclude that the trial court erred in dismissing counts one and two alleging denial of a hearing in violation of the due process clause of the Constitution.[1] Appellant's

---

1. See Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). The requirements of due process apply to deprivation of interests encompassed by the Fourteenth Amendment's protection of property.

Appellant's contract constituted a property right. Furthermore her allegations indicate actions by the Board impairing her reputation and integrity which are protected by the Fourteenth Amendment.

complaint states a valid cause of action under 42 U.S.C.A. § 1983 which provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

■ This court in New Times, Inc. v. Arizona Board of Regents, Ariz.App., 513 P.2d 960 (Filed September 14, 1973) held that a cause of action under 42 U.S.C.A. § 1983 can properly be brought in the courts of this State. Appellant should be allowed to put on proof of any denial of due process and damages caused thereby.

■ The second question presented by appellant is the extent of damages recoverable for breach of an employment contract. The law is well settled that the only damages which may be recovered by an employee who has been wrongfully discharged is the balance of the salary due under the employment contract less any sums the employee was able to earn during the remainder of the contract period. *See,* Granow v. Adler, 24 Ariz. 53, 206 P. 590 (1922); Dumes v. Harold Laz Advertising Co., 2 Ariz.App. 387, 409 P.2d 307 (1965); Durst v. School District No. 2, 39 Wyo. 442, 273 P. 675 (1929).

■ Appellant contends that she is entitled to damages for lost wages from the time of termination of the contract in question until the present. This contention is based upon the language of A.R.S. § 15–252 which appellant argues became part of her employment contract because of school board regulations 7.2 and 7.4 cited below:

"7.2 Instructional Personnel

Instructional personnel shall include class room teachers, principals, assistant principals, counselors, supervisors, librarians and teachers of special subjects. The following policies shall apply only to those in the instructional category.

7.4 Termination of Contract

The Board subscribes to the intent of Title 15, Sections 15–251 through 15–260, Arizona Revised Statutes, relating to continuing contracts for teachers and hereby indicates its intention to adhere strictly to all provisions of the law contained therein."

We find no merit to this contention, however, because the language of rule 7.4 merely indicates the board's intention to follow the statutes relating to continuing contracts for teachers. This provision has no applicability to appellant since she was a principal.

■ Appellant complains of the dismissal of her four counts grounded in defamation. Twenty pages of her complaint were devoted to these counts. It would serve little purpose to set forth all statements which appellant claims are defamatory. We have examined those pleaded and find none to be slanderous per se. Words that need an innuendo are not slanderous per se. Phoenix Newspapers, Inc. v. Church, 103 Ariz. 582, 447 P.2d 840 (1968); Central Arizona Light and Power Company v. Akers, 45 Ariz. 526, 46 P.2d 126 (1935). Since appellant failed to plead special damages the counts were properly dismissed. Ilitzky v. Goodman, 57 Ariz. 216, 112 P.2d 860 (1941).

■ Appellant alleged in her complaint that the individual appellees conspired to "procure her breach of contract, deny her due process, defame her, and deny her equal protection of the laws in violation of the Fourteenth Amendment of the United States Constitution." A "conspiracy" is a combination of two or more persons to accomplish by concerted action a criminal or unlawful purpose or a lawful purpose by criminal or unlawful means. Peskin v. Squires, 156 Cal.App. 240, 319 P.2d 405 (1957). Our Supreme Court has said that

there is no such thing as a civil action for conspiracy; the action is one for damages arising out of the acts committed pursuant to the conspiracy, and damage for which recovery may be had in such civil action is not the conspiracy itself but the injury to the plaintiff produced by specific overt acts. Tovrea Land and Cattle Company v. Linsenmeyer, 100 Ariz. 107, 412 P.2d 47 (1966). With these principles in mind we can examine appellant's claim for damages caused from the alleged conspiracy.

Appellant's claim for damages arising from a conspiracy to deny her equal protection of the laws must be dismissed as she has shown no evidence of any such denial.

The courts of our State have allowed actions grounded upon a conspiracy to defame. *See,* Horn v. Ruess, 72 Ariz. 132, 231 P.2d 756 (1951). It must be remembered that the essence of an action for conspiracy is the resulting damage. Here appellant failed to plead special damages in conjunction with her complaint. Since we have already noted that the statements complained of are not "per se" slanderous, the claim for damages as a result of conspiracy to defame must be dismissed.

We must now consider the conspiracy to procure appellant's breach of contract. A school board member is an agent of the school board, Webster v. Heywood, 21 Ariz. 550, 192 P. 1069 (1920), and the superintendent is obviously an employee of the board. It has been held that agents and employees of a corporation cannot conspire with their corporate principal or employer when acting in their official capacities on behalf of the corporation and not as individuals for their individual advantage. Wise v. Southern Pacific Company, 223 Cal.App.2d 50, 35 Cal.Rptr. 652 (1963).

We think the rule expressed by the California court is applicable here. Being in a confidential relationship with the board the actions of the members and the superintendent were privileged. Wise v. Southern Pacific Company, supra. We can find no facts alleged indicating that appellees were acting for their individual advantage.

The appellant has sufficiently pleaded a cause of action for conspiracy to deny her of due process. The trial court erred in dismissing this portion of count 8. The remaining counts were properly dismissed.

The judgment is affirmed as to all counts except those hereinabove indicated, which are reversed. The cause is remanded for further proceedings consistent herewith.

HATHAWAY, C. J., and KRUCKER, J., concur.