533 P.2d 73

Samuel X. COSTANZO and Jennie Costanzo, husband and wife, Appellants,

v.

STEWART TITLE & TRUST OF PHOENIX, an Arizona Corporation, Appellee.

No. 1 CA–CIV 2335.

Court of Appeals of Arizona, Division 1, Department C.

March 25, 1975.

Rehearing Denied April 30, 1975.

Review Denied June 10, 1975.

Samuel L. Costanzo, Phoenix, for appellants.

Behrens, Maclean & Jacques by William F. Behrens and John K. Graham, Phoenix, for appellee.

## OPINION

FROEB, Acting Presiding Judge.

This case was commenced as a suit on a note and an action to foreclose a realty mortgage upon a townhouse complex. Home Savings and Loan Association (Home) was the lender and plaintiff in the action. Samuel X. Costanzo (Costanzo) was the borrower-builder and one of the defendants. Other defendants included material suppliers and contractors who were involved in the construction of the complex and thereby claimed liens for work and materials. Another defendant was Stewart Title and Trust of Phoenix (Stewart). Stewart had also loaned money to Costanzo to purchase the real property involved in the project and had acted as escrow agent for the disbursement of construction funds under a builders control agreement. Typical of its kind, the builders control agreement called for timely dis-

bursement of construction funds to contractors, materialmen and suppliers during construction.

Costanzo answered the foreclosure action filed by Home and denied the allegations in the complaint. At the same time, he attributed his difficulties to Stewart for mishandling its duties under the builders control agreement and took the position that Stewart was responsible for the stoppage of construction, the loss of his property, his expenses and his lost profits. As a consequence, he decided to assert this claim against Stewart in the pending action. However, by the time Costanzo filed his answer to the complaint, Home had released Stewart from the litigation and the latter was dismissed as a defendant. Since Stewart was no longer a party, Costanzo filed a motion for leave to file a third-party complaint against Stewart, pursuant to Rule 14(a), Rules of Civil Procedure, 16 A.R.S.[1] The motion was granted and Stewart appeared by filing its answer denying the claim. Thereafter, on August 10, 1967, Home recovered summary judgment on its claims against Costanzo in the amount of $186,391.45, plus taxes and costs, together with a judgment of foreclosure of the real property securing the loan. This left only the claims alleged by Costanzo against Stewart in the third-party complaint which were thereafter tried in February, 1972, to the court without a jury.

The trial court entered judgment in favor of Costanzo against Stewart in the sum of $1,075.60, plus costs, but denied all further relief sought on the ground that the remaining claims for damages were not properly the subject of a third-party complaint, and hence not justiciable. Nevertheless, the trial court entered findings of fact and conclusions of law which established Stewart's liability to Costanzo for loss of reasonable anticipated profit of $60,000 and out-of-pocket expenses to satisfy contractors and materialmen in the amount of $4,478.29. No judgment for these additional sums totaling $65,553.89 was entered however, for the reason already mentioned, namely, the impropriety of asserting them by way of third-party complaint instead of by a separate action.

Thus, the main issue in this case on appeal is whether the merits of all of Costanzo's claims against Stewart were properly presented and tried under the third-party complaint. We have determined that under the circumstances they were and therefore vacate the judgment of the trial court.

The third-party complaint set forth two counts. In the first count, Costanzo sought judgment against Stewart for the

1. Rule 14(a), Arizona Rules of Civil Procedure, is as follows:

Rule 14. Third-party practice

14(a) When defendant may bring in third party. At any time after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The third-party plaintiff need not obtain leave to make the service if he files the third-party complaint not later than 10 days after he serves his original answer. Otherwise he must obtain leave on motion upon notice to all parties to the action. The person served with the summons and third-party complaint, hereinafter called the third-party defendant, shall make his defenses to the third-party plaintiff's claim as provided in Rule 12, and his counterclaims against the third-party plaintiff and cross-claims against other third-party defendants as provided in Rule 13. The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses as provided in Rule 12 and his counter-claims and cross-claims as provided in Rule 13. Any party may move to strike the third-party claim, or for its severance or separate trial. A third-party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him for all or part of the claim made in the action against the third-party defendant.

full amount of any judgment against him recovered by Home. He also prayed for $300,000 in additional damages. The theory on this count was breach of the builders control agreement. The second count sought the same recovery and, in addition, alleged a claim for punitive damages. The theory of the second count was in tort for intentional interference with contractual relations between Costanzo and the contractors and suppliers on the townhouse project.

It should be noted that the substance and merits of each of Costanzo's claims against Stewart were fully tried by each side with testimony from many witnesses and an extensive array of exhibits. Since the original action between Home and Costanzo had previously been concluded by summary judgment, this constituted the entire trial.

It should also be noted that the only instance where the procedural issue was raised was by an allegation in Stewart's answer that the third-party complaint should be dismissed for failure to state a claim. The motion was never ruled on by the court and not otherwise separately made or urged at any time thereafter.

It is also notable that there was no attempt by Stewart to place the procedural issue squarely before the court for ruling at any time over the six-year period from the filing of the third-party complaint to the time of the trial. During this period, both parties conducted extensive discovery. There were procedural means available to Stewart by which this issue could have been presented. Although Stewart did present a motion for summary judgment prior to trial, it went to the substance of Costanzo's claims not their procedural regularity and was denied. Following the trial, Stewart moved to vacate Costanzo's

judgment for $1,075.60, but for reasons other than that it was an improper third-party claim. While we are unable to say that Stewart abandoned its contention concerning the propriety of the pleadings, its absence in the record is conspicuous. We do not, however, reach our conclusion to reverse the judgment on this basis, since we find that the pleadings were sufficient to allow all of Costanzo's claims to be tried and decided by the court.

 As we see from the evidence, construction funds borrowed by Costanzo from Home to finance the project were transferred by Home to Stewart to be held in escrow for disbursement pursuant to the builders control agreement. This account, representing the funds transferred by Home to the credit of Costanzo, was introduced into evidence and explained by representatives of Stewart. The trial court found that there remained in the account standing to the credit of Costanzo the sum of $1,075.60. It is also apparent from the evidence that this sum represents part of that which was originally borrowed by Costanzo from Home and thus is included in the total amount of the judgment recovered by Home against Costanzo. *In view of this, we see that, at least to the extent of this sum, the third-party complaint stated a procedurally correct claim-over against Stewart under Rule 14(a), Rules of Civil Procedure.*[2] Costanzo was entitled to recover the balance of the account held by Stewart only by reason of the fact that the satisfaction against Costanzo of the judgment recovered by Home repaid the loan made by Home to Costanzo in full. Since the funds on account with Stewart were subject to the terms of the builders control agreement, Costanzo would not have been entitled to any remaining

---

2. Prior to trial, Costanzo filed a motion to amend his third-party complaint upon which we should elaborate. After extensive discovery, Costanzo determined the approximate balance due him from the account at Stewart and sought to add this to his complaint as a separate and specific count on a theory of debt. The motion was opposed by Stewart

because of untimeliness and it was thereafter denied by the court. We do not view the denial of the motion as eliminating the claim from the case since it was included within the general allegations of Counts 1 and 2, though not specifically pled as to amount. It is for this sum, namely, $1,075.60, that the trial court entered judgment.

balance until completion of the construction and payment of all obligations. The successful foreclosure action by Home provided the basis for Costanzo's claim-over against Stewart.

The third-party complaint was therefore an appropriate pleading under Rule 14(a) from the outset. It did, of course, assert additional claims for damages which, though not themselves appropriate third-party claims under Rule 14, were nevertheless tried by the parties and the court. From the beginning, Stewart was not without procedural means to seek an order requiring them to be made the subject of a separate lawsuit or a separate trial. Just as these claims might have been susceptible to joinder on Costanzo's motion, Stewart could have moved to strike or sever those claims which were not appropriate under Rule 14(a), or could have moved for a separate trial of those issues. As it stood at the time of trial, all claims were prosecuted and defended without objection under existing pleadings.

■■ It is desirable that piecemeal litigation be avoided and that claims of one party against another be resolved in one trial unless to do so would result in prejudice. Prejudice has neither been shown nor claimed. We hold that where additional claims are joined with a third-party claim, all are justiciable unless either stricken or severed by the court in the exercise of its discretion prior to trial. See Anderson Aviation Sales Co., Inc. v. Perez, 19 Ariz. App. 422, 508 P.2d 87 (1973) and Purcell v. Zimbelman, 18 Ariz.App. 75, 500 P.2d 335 (1972).

We now turn to the second assignment of error, the amount of damages awarded by the court.

The trial court found that, but for the procedural issue, Costanzo would be entitled to recover from Stewart as follows: $1,075.60 representing the balance of the escrow account; $4,478.29 for out-of-pocket expenses to satisfy contractors and materialmen, and $60,000 loss of reasonable anticipated profit. The court further

found that the remainder of the claimed damages were speculative and incapable of computation. It also found no right to recover punitive damages.

■■ Since there is sufficient evidence in the record to sustain the findings of the trial court, they will not be disturbed on appeal. In re Estate of Pitt, 1 Ariz.App. 533, 405 P.2d 471 (1965); Fought v. Fought, 94 Ariz. 187, 382 P.2d 667 (1963). The findings as to damages are therefore affirmed.

■■ Finally, Costanzo contends that the court erred in not awarding interest on the $1,075.60 claim from September 14, 1967, the date Home recovered judgment of foreclosure of the real property. A creditor is entitled to interest on his claim prior to judgment, provided the sum demanded is liquidated. This court has stated that a claim is liquidated "if the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance upon opinion or discretion." Arizona Title Insurance and Trust Co. v. O'Malley Lumber Co., 14 Ariz.App. 486, 496, 484 P.2d 639, 649 (1971); Homes & Son Construction Co., Inc. v. Bolo Corp., 22 Ariz.App. 303, 526 P.2d 1258 (1974).

■ Our review of the evidence leads us to conclude that this test was met. The sum of $1,075.60 was at all times susceptible to exact computation. No part of the amount was subject to opinion or discretion. It could have been determined with precision at the time of the foreclosure judgment in the same way that it was ultimately determined at the time of trial. In view of this, Costanzo was entitled to pre-judgment interest on the $1,075.60 claim beginning September 14, 1967.

The judgment of the trial court is reversed with directions to enter judgment in favor of Costanzo for $1,075.60 with interest from September 14, 1967, and for $65,553.89 with interest from November 9, 1972.

WREN and EUBANK, JJ., concur.