622 P.2d 63

James D. FOGLEMAN and Dawn Fogleman, husband and wife, Plaintiffs/Appellants/Cross-Appellees,

v.

PERUVIAN ASSOCIATES, Southern Peru Copper Corp., Fluor Utah, Inc., now known as Fluor Mining and Metals, Inc., Defendants/Appellees/Cross-Appellants.

No. 2 CA–CIV 3605.

Court of Appeals of Arizona, Division 2.

Dec. 3, 1980.

Rehearing Denied Dec. 29, 1980.

Review Denied Jan. 13, 1981.

Stuart Herzog, Tucson, for plaintiffs/appellants/cross-appellees.

Bilby, Shoenhair, Warnock & Dolph, P.C. by David A. Paige, Tucson, for defendants/appellees/cross-appellants.

## OPINION

HATHAWAY, Chief Judge.

In August of 1973, appellants were residents of Tucson, Arizona, and Mr. Fogleman was employed as a welder at a copper mine near Tucson. Appellees offered him employment at a mine operated by appellees at Quajone, Peru, and he accepted. The contract of employment was dated September 24, 1973, and was for a two-year period, employing Mr. Fogleman as welding supervisor at $1,700 per month plus housing allowance and other benefits.

Appellees terminated Fogleman's employment on March 8, 1974. Appellants brought this action alleging wrongful termination of the employment contract and seeking damages. After trial to the court, without a jury, judgment was entered in favor of appellants in the amount of $14,989.33, plus costs, together with interest commencing on the date of judgment. The trial court entered findings of fact and conclusions of law.

On appeal, appellants contend that they were entitled to an award of consequential general damages, punitive damages, and interest on the economic damages from the date they were liquidated. Appellees have cross-appealed contending that the trial court improperly awarded damages for the sale of appellants' personal residence, furniture, vehicles and tools, that the trial court's finding of fact number 10, stating that appellees had caused appellants to suffer emotional distress, anxiety, embarrassment and humiliation, was improper, and, that the trial court improperly entered finding of fact number 11, stating that appellees had exhibited wanton, reckless, spite and ill-will and reckless indifference to the interests of the appellants.

Appellants first contend that the trial court erred in not awarding consequential general damages because the evidence and findings support such an award. Specifically, the court found that appellees could terminate appellants' employment contract only for cause and that they did not have cause. This breach caused appellants economic loss of $14,989.33. In finding of fact number 10, the court found:

"10. The wrongful conduct of the Defendants S.P.C.C., Fluor Utah and Peruvian Associates also caused Plaintiffs to suffer general damages, including emotional distress, anxiety, embarrassment, humiliation and other items listed on page 14 of Plaintiffs Post-Trial Memorandum."

The court refused to award consequential damages, perceiving the rule to be that such damages are not allowed in a breach of contract action, and so stated in conclusion of law number 15.

■ Appellants argue that consequential damages are allowable in a breach of contract action and that appellees' wrongful conduct was both a breach of contract and a tort, therefore such damages were allowable. The trial court's first finding of fact stated that the action was for breach of contract, rejecting appellants' proposed finding that the appellees had a fiduciary relationship to appellants involving "special trust and confidence." We do not have before us an appeal from a tort action, and appellants' citations for the proposition that damages for mental anguish are allowable in actions which sound both in contract and in tort, are not applicable. The appropriate measure of damages for an employee who has been wrongfully discharged is the unpaid balance of the salary less the sums earned during the remainder of the contract period. *Perry v. Apache Junction Elementary School District No. 43*, 20 Ariz. App. 561, 514 P.2d 514 (1973). The Alaska Supreme Court discussed this rule of law in *Skagway City School Board v. Davis*, 543 P.2d 218, 225 (Alaska 1975), stating:

"The normal rule is that a wrongfully discharged employee is entitled to the total amount of the agreed upon salary for the unexpired term of his employment, less what he could earn by making diligent efforts to obtain similar employment. 5 A. Corbin, Contracts Sec. 1095 (1964). Beyond this the employee is not permitted recovery for injury to his reputation.

\* \* \* \* \* \*

The primary reasons underlying the rule are that (1) the computation of damages for injury to reputation is unduly speculative, and (2) such damage cannot reasonably be presumed to have been within the contemplation of the parties when they entered into the contract."

In *Browning v. Fies*, 4 Ala.App. 580, 58 So. 931 (1912), cited by appellants, a special situation was presented where the plaintiff had hired a carriage to transport him to church for his wedding. The defendant was aware of the reasons and the time frame for performance and that the failure of performance would, under the circumstances, expose plaintiff to particular consequences, alluded to by the court and for which the plaintiff was allowed damages. This case is inapplicable to the facts herein.

■ Appellants next contend that they are entitled to an award of punitive damages, and that the trial court's finding of fact number 11 supports such an award. There the court specifically found that:

"11. The conduct of the Defendants, Peruvian Associates, Fluor Utah and Southern Peru Copper Corp. toward the Plaintiffs was wanton, reckless, showed spite and ill-will and reckless indifference to the interests of the Plaintiffs."

As we have previously noted, the trial court concluded that the action was for breach of contract and the general rule is that punitive damages do not lie for breach of contract. *Continental National Bank v. Evans*, 107 Ariz. 378, 489 P.2d 15 (1971); *Lerner v. Brettschneider*, 123 Ariz. 152, 598 P.2d 515 (App.1979); *John Hancock Mutual Life Insurance Co. v. McNeill*, 27 Ariz.App. 502, 556 P.2d 803 (1976).

Appellants finally contend that they are entitled to interest on the economic damages from the date they were liquidated. The parties appear to agree that claims for pre-judgment interest are allowable for liquidated damage claims which are capable of ascertainment by reference to agreement or through simple computation. *Costanzo v. Stewart Title & Trust of Phoenix*, 23 Ariz.App. 313, 533 P.2d 73 (1975); *L. M. White Contracting Co. v. St. Joseph Structural Steel Co.*, 15 Ariz.App. 260, 488 P.2d 196 (1971). The request for interest was not contained in appellants' original complaint and their motion for such an award was made after the trial court had made its initial finding awarding damages. Furthermore, interest should not be charged when the amount is in dispute and the person ultimately chargeable could not make an early payment to toll the running of interest. 22 Am.Jur.2d, Damages, Sec. 181 (1965). It is apparent from the record that the claims under the employment contract and the earnings to be offset are not capable of ascertainment by reference to agreement or through simple computation.

On their cross-appeal, appellees challenge the trial court's award based upon findings of fact 9(b)–(e), granting appellants the following:

"b.   $3,000.00 loss on sale of house.

c.   $1,000.00 loss on sale of furniture.

d.   $350.00 loss on sale of vehicles.

e.   $200.00 loss on sale of tools."

The residence was listed for sale in anticipation of Mr. Fogleman's employment, but prior to execution of the employment agreement. It was sold for $24,000, a reduction by $950 of the listed price upon suggestion of the real estate agent. The only evidence of loss on the sale was Mr. Fogleman's testimony that the loss was approximately $3,000. The closing costs and commission are approximately that amount. We conclude that the items specified in the trial court's findings of fact 9(b)–(e) were not within the contemplation of the parties, are speculative, *Perry v. Apache Junction Elementary School District No. 43, supra; Skagway City School Board v. Davis, supra,*

and should not have been awarded. The judgment is accordingly modified to delete those damages, and as modified is affirmed. We deem it unnecessary to address the other issues raised in the cross-appeal in view of our holding.

Affirmed as modified.

HOWARD and RICHMOND, JJ., concur.