NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

LINDA K. HART, *Plaintiff/Appellant,*

*v.*

DANIEL BIEDERBECK, *Defendant/Appellee.*

No. 1 CA-CV 18-0702
FILED 10-29-2019

Appeal from the Superior Court in Maricopa County
No.  CV2017-054019
The Honorable Bruce R. Cohen, Judge

**AFFIRMED**

COUNSEL

Ahwatukee Legal Office PC, Phoenix
By David L. Abney
*Counsel for Plaintiff/Appellant*

Alex H. Bergener PC, Phoenix
By Alex H. Bergener
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Kent E. Cattani joined.

---

**C A M P B E L L**, Judge:

¶1      Linda K. Hart challenges the trial court's ruling declining to award punitive damages claimed against Daniel Biederbeck. A plaintiff seeking to recover punitive damages must present "clear and convincing evidence of the defendant's evil mind." *Linthicum v. Nationwide Life Ins. Co.*, 150 Ariz. 326, 332 (1986). The trial court did not abuse its discretion by concluding Hart failed to meet her burden. We affirm.

## BACKGROUND

¶2      Hart sued Biederbeck alleging assault, battery, intentional infliction of emotional distress, and negligence stemming from a physical altercation occurring approximately two years before. She alleged that Biederbeck "charged at her in a menacing manner," "picked [her] up . . . and threw her against a security gate leading into the [parties' former] residence." She alleged she suffered "severe physical injury" and "severe emotional distress" and sought both compensatory and punitive damages.

¶3      Both parties testified at a bench trial at the conclusion of which the trial court found in favor of Hart on each of her claims. However, the court expressed that it had "credibility concerns as to both parties" and that "[d]iscerning the truth [was] a fairly monumental task under these circumstances." The court entered judgment against Biederbeck for $15,000 but declined to award punitive damages. Hart timely appealed the judgment.

## DISCUSSION

I.      **The Trial Court Did Not Abuse Its Discretion in Declining to Award Punitive Damages**

**¶4**        Hart challenges the trial court's decision not to award punitive damages. We review that ruling for an abuse of discretion.[1] *Miscione v. Bishop*, 130 Ariz. 371, 375 (App. 1981); *see also Ahmed v. Collins*, 23 Ariz. App. 54, 58 (1975) ("Punitive damages are not to compensate for a loss, but rather to punish for misconduct, and it must, therefore be a matter of discretion for the trier of fact.").

**¶5**        Courts should award punitive damages only in "the most egregious of cases, where there is reprehensible conduct combined with an evil mind over and above that required for commission of a tort." *Linthicum*, 150 Ariz. at 332. A plaintiff establishes an "evil mind" by showing the defendant acted with the intent to injure, was motivated by spite or ill will, or acted to serve his own interests, consciously disregarding a substantial risk of significant harm to others. *Ranburger v. Southern Pac. Transp. Co.*, 157 Ariz. 551, 553 (1988); *see also Medasys Acquisition Corp. v. SDMS, P.C.*, 203 Ariz. 420, 424, ¶ 15 (2002) (punitive damages are generally available where the defendant "pursued a course of conduct knowing that it created a substantial risk of significant harm to others and its conduct was guided by evil motives").

**¶6**        Hart contends the requisite intent to injure is demonstrated by the court finding Biederbeck's conduct constituted assault, battery, and intentional infliction of emotional distress. Prevailing on an assault or battery claim does not necessarily lead to punitive damages; the plaintiff also must show the defendant acted "wantonly, maliciously, or under circumstances of aggravation." *Reah v. Jupin*, 68 Ariz. 335, 337 (1949),

---

[1] Hart contends the standard of review is "unclear," arguing this court applied a de novo standard of review in *Felipe v. Theme Tech. Corp.*, 235 Ariz. 520, 528, ¶ 31 (App. 2014). *Felipe* is distinguishable because it was an appeal from a grant of summary judgment on a punitive damages claim. *Id*. Biederbeck, for his part, argues the denial of a punitive damages claim is not appealable, citing *Rubi v. Transamerica Title Ins. Co.*, 131 Ariz. 403, 405 (App. 1981). Biederbeck misconstrues the holding of that case. In fact, *Rubi* addressed the appellants' contention that the trial court erred in failing to assess punitive damages against one of the appellees. *Id*. at 404.

*overruled on other grounds by Tipton v. Burson*, 73 Ariz. 144, 150 (1951); *see also Johnson v. Pankratz*, 196 Ariz. 621, 624, ¶ 13 (App. 2000) ("[A] battery entitling a plaintiff to compensatory damages *may* also entitle her to punitive damages. . . . [I]f malice is express or may be implied from the nature of the acts and the circumstances, punitive damages are *possible*.") (emphases added) (citation omitted); *Barker v. James*, 15 Ariz. App. 83, 87 (1971) ("[I]n an action for assault and battery malice is an appropriate basis for punitive damages and that malice *may* be inferred or implied from the nature of the acts complained of and the surrounding circumstances.") (emphasis added); *Safeway Stores, Inc. v. Harrison*, 14 Ariz. App. 439, 442 (1971) ("[W]e find nothing more than a simple battery which lacks the necessary malice or aggravation to support the award of punitive damages."). We have reached the same conclusion regarding other intentional torts, such as fraud. *See Dawson v. Withycombe*, 216 Ariz. 84, 112, ¶ 96 (App. 2007) ("[P]unitive damages are not recoverable in every fraud case, even though fraud is an intentional tort") (citation omitted); *Hunter Contracting Co. v. Sanner Contracting Co.*, 16 Ariz. App. 239, 246 (1972) ("Just a simple showing of actionable fraud . . . is not sufficient to submit to the jury the issue of punitive damages.") (citation omitted). "For the fact finder to award punitive damages, a plaintiff must prove something more than the mere commission of a tort." *Quintero v. Rogers*, 221 Ariz. 536, 541 (2009). Just as the amount of a punitive damage award is within the purview of the factfinder, declining to make a punitive damages award in a given case is soundly in the discretion of the factfinder. *Magma Copper Co. v. Shuster*, 118 Ariz. 151, 153 (1977).

## II.    Different Burdens of Proof Support a Denial of Punitive Damages

¶7         Each of Hart's tort claims can be established by a preponderance of the evidence. *See, e.g., Aileen H. Char Life Interest v. Maricopa County*, 208 Ariz. 286, 291, ¶ 11 (2004) (stating "the usual rule [is] that a plaintiff must establish each element of a civil action by a preponderance of the evidence"). But a plaintiff seeking to recover a punitive damages award must present "clear and convincing evidence of the defendant's evil mind." *Linthicum*, 150 Ariz. at 332. Clear and convincing evidence "reflects a heightened standard of proof that indicates that the thing to be proved is highly probable or reasonably certain." *Kent K. v. Bobby M.*, 210 Ariz. 279, 284–85 ¶ 25 (2005) (citation omitted).

¶8         Even if we were to accept Hart's argument that "the evil mind is an inherent, proven part of th[e] three intentional torts," the court did not find her evidence to be clear and convincing regarding an "evil mind" or any other issue. It instead found neither party to be particularly credible,

stating that it could not "determine with precision what happened" based on the evidence presented and that "[d]iscerning the truth is a fairly monumental task." On this basis alone the court was justified in declining to award punitive damages.

¶9        "[I]t is the trial court and not the appellate court which draws a distinction between evidence which is clear and convincing and evidence which merely preponderates." *Webber v. Smith*, 129 Ariz. 495, 498 (App. 1981). Moreover, we defer to the trial court's credibility determinations in a bench trial. *Castro v. Ballesteros-Suarez*, 222 Ariz. 48, 51, ¶ 11 (App. 2009) (citation omitted). The court did not abuse its discretion in declining to award punitive damages.

¶10        Moreover, regardless of whether Hart met her burden, a punitive damage award is permissive and not mandatory. Even had Hart established by clear and convincing evidence her claim of intentional infliction of emotional distress, that would only make her eligible for a punitive damage award and not entitled to one. Given the superior court's explanation regarding the relative uncertainty about what transpired, the decision not to award punitive damages was well within the court's discretion.

**III.    We Decline to Award Attorney Fees**

¶11        Biederbeck requests his attorney fees incurred on appeal pursuant to ARCAP 25, under which we may sanction an appellant who brings a frivolous appeal. *Johnson v. Brimlow*, 164 Ariz. 218, 221–22 (App. 1990). An appeal is frivolous if it is brought for an improper purpose or indisputably has no merit. *Arizona Tax Research Ass'n v. Dep't of Revenue*, 163 Ariz. 255, 258 (1989). Sanctions are unwarranted if the issues raised are supportable under any legal theory or reasonable attorneys could differ. *Matter of Levine*, 174 Ariz. 146, 153 (1993). We consider ARCAP 25 sanctions with great caution. *Price v. Price*, 134 Ariz. 112, 114 (App. 1982). In our discretion, we decline to award fees under ARCAP 25.

**CONCLUSION**

**¶12**        We affirm the judgment.  Biederbeck may recover his taxable costs incurred in this appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:   AA